. OPINION OF THE COURT
Robert J. Stolarik, J.
This is a motion by the defendant for an order dismissing plaintiffs’ complaint as untimely commenced, pursuant to CPLR 3211 (a) (5), and, in the alternative, for failure to state claims upon which relief can be granted, pursuant to CPLR 3211 (a) (7). Plaintiffs, in turn, cross-move for a default judgment pursuant to CPLR 3215 on the ground that defendant has failed to timely respond to plaintiffs’ complaint.
The facts of this case are as follows. For several years the plaintiffs have demonstrated their pro-life views in front of a medical clinic where abortions are performed, which is owned and operated by defendant Adler. On November 24, 1984, plaintiffs were demonstrating with placards on the public right-of-way in front of the clinic. When plaintiff Martin stopped to rest against a retaining wall that extended from defendant’s property into the right-of-way, he was arrested and charged with criminal trespass and resisting arrest. Plain *385 tiff Greene was also charged with criminal trespass and disorderly conduct. The arrests of both plaintiffs were made at the request of the defendant, who was not present at the time. In the course of the arrests the plaintiffs were allegedly assaulted by both the arresting officer and an employee or agent of the defendant. The plaintiffs’ trial on the criminal charge was scheduled for several separate occasions, but it was repeatedly adjourned because the District Attorney was not prepared to proceed. The charges were finally dropped for failure to prosecute. Plaintiffs allege that, because of defendant’s negligent failure to ascertain the boundary lines of his property, they were falsely arrested and unlawfully assaulted. They further allege that the defendant’s subsequent failure or refusal to identify the boundaries of his property provided the basis for a cause of action for malicious prosecution.
This case originated in Federal court as William A. Martin and Edward Greene v William Wynne, Town of Ramapo, and Barry Adler, a civil rights action with pendent State tort claims, brought under 42 USC §§ 1983, 1985 and 1986. Judge Brieant, of the United States District Court, Southern District of New York, exercising his discretion, severed the pendent claims without prejudice and retained only the Federal civil rights issue. In the ensuing trial, a jury found that plaintiffs’ civil rights had been violated by defendant Adler and awarded plaintiffs nominal damages.
The facts relevant to defendant’s first contention — that the present action in State court is time barred — are the following. The incident giving rise to plaintiffs’ claims occurred on November 24, 1984. The applicable Statute of Limitations for false arrest, assault, and malicious prosecution is one year (CPLR 215). Plaintiffs’ Federal action was timely commenced pursuant to rule 3 of the Federal Rules of Civil Procedure when plaintiffs filed their complaint with the clerk of the Federal court on November 18, 1985. Defendant Adler was served with the summons and complaint, pursuant to rule 4 of the Federal Rules of Civil Procedure, on December 4, 1985. Thus, service on the defendant was effected 1 year and 10 days after the causes of action accrued. On February 28, 1986, Judge Brieant severed the pendent State claims and invited plaintiffs to seek redress for them in State court. In August 1986, within six months of Judge Brieant’s order, the present action was commenced by service on the defendant.
CPLR 205 (a) provides that: "[I]f an action is timely commenced and is terminated in any other manner than by a *386 voluntary discontinuance, a dismissal of the complaint for neglect to procecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.” (Emphasis supplied.) Severance of pendent State claims from a Federal claim triggers the provisions of CPLR 205 (a). (Kleinberger v Town of Sharon, 116 AD2d 367 [3d Dept 1986].) In the instant State court action, the defendant was served within the six-month statutory period provided by CPLR 205 (a). The question of timeliness is therefore reduced to whether the Federal action was, in fact, timely commenced for purposes of New York law so as to make CPLR 205 (a) available to the plaintiffs.
This unsettled question of law arises because of different procedural rules for commencing actions in Federal and State courts. Under the Federal Rules of Civil Procedure, an action is commenced when a complaint is filed with the clerk of the court, who then issues a summons (Fed Rules Civ Pro rule 3). In contrast, under New York law, an action is commenced only when a summons and complaint are "interposed” against (that is, served upon) the defendant (CPLR 203).
Although there is no New York case on point in this jurisdiction, the Federal courts have attempted to reconcile the inconsistent requirements of the Federal Rules of Civil Procedure and the CPLR when applying New York law in diversity actions. To avoid the harshness of a rule that would deny parties their day in court largely because of fortuitous differences between Federal and State rules, the Federal courts have held that the filing of a complaint with the Clerk of the District Court is equivalent, under New York law, to delivery of a summons and complaint to the County Sheriff (or, within New York City, to the County Clerk), which under CPLR 203 (b) (5) earns the plaintiff a 60-day extension in which to serve the defendant. (Gold v Jeep Corp., 579 F Supp 256 [US Dist Ct, ED NY 1984]; Somas v Great Am. Ins. Co., 501 F Supp 96 [US Dist Ct, SD NY 1980]; Zarcone v Condie, 62 FRD 563 [US Dist Ct, SD NY 1974].) In New York, the Civil Court has reached the same result in Ryder v Tannenbaum (130 Misc 2d 42 [Civ Ct, Kings County 1985]).
In evaluating this line of decisions, it is useful to consider the policies that have governed the Federal courts in construing State Statutes of Limitation. When applying State law in *387 diversity actions, the Federal courts must avoid enlarging any State-created cause of action by extending the Statute of Limitations beyond what the applicable State law would permit. (Walker v Armco Steel Corp., 446 US 740 [1980]; Ragan v Merchants Transfer Co., 337 US 530 [1949].) Thus, State law, rather than the Federal Rules of Civil Procedure determines when a State Statute of Limitations has run. (Guaranty Trust Co. v York, 326 US 99 [1945].) "[L]ocal law undertook to determine the life of the cause of action. We cannot give it longer life in the federal court than it would have had in the state court without adding something to the cause of action. We may not do that consistently with Erie R. Co. v. Tompkins. ” (Ragan v Merchants Transfer Co., 337 US, supra, at 533-534.)
A Statute of Limitations serves two main functions: it "establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim.” (Walker v Armco Steel Corp., 446 US, supra, at 751.) Central to both of these functions is notice to the defendant. If the plaintiffs in the present case had chosen to bring their initial action in State court, the Statute of Limitations would not have afforded the defendant "peace of mind” until one year and 60 days after the incidents complained of, by virtue of the availability of the automatic extension for service provided by CPLR 203 (b) (5). To decline to find that equivalency is appropriate in this case would actually shorten the State-created cause of action. In other words, simply because the State tort claims were appended to a Federal claim and initially brought in Federal court, the defendant would have the benefit of a one-year limitation period stripped of the 60-day extension which the statute unequivocally provides. No sound policy supports such a result.
We are aware, reading CPLR 305 (b) together with CPLR 203 (b) (5), that the 60-day toll will not be awarded unless both summons and complaint are delivered to the appropriate State official before the Statute of Limitations has run. (Frerk v Mercy Hosp., 99 AD2d 504 [2d Dept 1984], affd 63 NY2d 635 [1984].) In contrast, under a theory of equivalency, merely filing the complaint with the Clerk of the District Court, pursuant to Federal Rules of Civil Procedure rule 3, would suffice to toll the statute. Nonetheless, such procedural variations have no effect on the substantive rights of the defendant, *388 as long as the defendant is served with the summons and complaint within 60 days, as was Adler in the present case. Such variations are mere "housekeeping rules” by which different court systems enforce substantive rights; they do not themselves alter the essence of those rights. (Hanna v Plumer, 380 US 460, 473 [1965].) Neither the Sheriff nor the Clerk of the District Court is charged with delivering the summons and complaint to the defendant. Each serves simply as a "receptacle or depository through which by a technical filing * * * one receives an additional sixty days to commence his action.” (Gold v Jeep Corp., 579 F Supp 256, 258 [US Dist Ct, ED NY 1984], supra.) "The utilization of [Federal] Rule 3, far from altering the outcome, merely provides another road on which the state permitted outcome can be reached.” (Zarcone v Condie, 62 FRD 563, 570, n 2 [US Dist Ct, SD NY 1974], supra.)
The Second Department has not ruled on the issue of equivalency, but in other contexts it has construed the requirements of CPLR 203 (b) (5) strictly. In 1980, the Second Department held that the 60-day extension was foreclosed to a plaintiff who mistakenly filed his summons and complaint with the Queens County Sheriff rather than with the Clerk of Queens County, as required by CPLR 203 (b) (5). (Dominquez v De Tiberus, 78 AD2d 848 [2d Dept 1980], affd 53 NY2d 778 [1981].) More recently, the court held that delivery of a bare summons to the Sheriff is inadequate to trigger the tolling provision of CPLR 203 (b) (5). (Frerk v Mercy Hosp., 99 AD2d 504 [2d Dept 1984], affd 63 NY2d 635 [1984], supra.) We read these cases as standing for a commitment to uniformity in the administration of the law within New York, designed to eliminate the inevitable uncertainties that accompanied the earlier doctrine of "substantial compliance” exemplified by Bromley v Cosmatos (75 AD2d 798 [2d Dept 1980]). These decisions relate to the "housekeeping” rules that govern procedure, and the Second Department has sound policy reasons for insisting that its house be kept in good order. Insofar as these cases stand for the goal of certainty in judicial administration, they are fully consistent with the notion of equivalency. The adoption of the equivalency theory should resolve an uncertain question of law and clarify the procedures that a Federal litigant with pendent State claims must follow to ensure that, if his pendent claims should be severed, he will have the same access to the 60-day tolling provision of CPLR *389 203 (b) (5) as any other litigant who brings his action initially in State court.
For the foregoing reasons, defendant’s motion to dismiss plaintiffs’ complaint as untimely is denied.
Defendant moves, in the alternative, for dismissal of the complaint on the ground that plaintiffs have failed to state claims for which relief can be granted. With respect to the claims of negligence, false arrest, and assault, the motion is denied. Plaintiffs sufficiently allege a cause of action in negligence by charging that defendant’s reckless disregard of the facts as to the location of his property line in relation to the position of the plaintiffs on November 24, 1984, was the cause of their arrest. Plaintiffs also allege the elements necessary to make out a cause of action for false arrest: (1) that the defendant intended to cause the plaintiffs to be confined; (2) that they were conscious of their confinement; (3) that they did not consent to such confinement; and (4) that the confinement was not privileged insofar as it arose from the defendant’s own negligence. (Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929.) Finally, plaintiffs allege that Martin was forcibly yanked to his feet by an employee or agent of Adler who was present during the arrest. This allegation is sufficient to raise the factual question of whether the employee was acting within the scope of his employment so as to hold the defendant liable, under the theory of respondeat superior, for an assault committed by his employee. (Riviello v Waldron, 47 NY2d 297 [1979]; Moritz v Pines Hotel, 52 AD2d 1020 [3d Dept 1976].)
Defendant’s motion to dismiss the cause of action for malicious prosecution is granted. An essential element of malicious prosecution is that the proceeding was terminated in favor of the accused. (Broughton v State of New York, 37 NY2d 451 [1975], supra.) This requirement is satisfied only when the case has been tried on the merits and the outcome has been a finding of innocence. (Hollender v Trump Vil. Coop., 58 NY2d 420 [1983].) In the present case, because the charges were dropped for neglect to prosecute, the merits were never reached; the absence of an affirmative finding of innocence thus forecloses a cause of action of malicious prosecution to the plaintiffs.
Plaintiffs’ cross motion for default judgment against the defendant is denied. Although plaintiffs’ attorney disputes the *390 defendant’s attorney’s allegation that the time to answer had been orally extended until October 16, 1986, the service of the defendant’s dismissal motion on October 14, 1986 represents a minimal default which has not prejudiced the plaintiffs in their prosecution of this action. Accordingly, the court will exercise its discretion by denying the plaintiffs’ application for a default judgment and direct the defendant to serve an answer within 20 days of the date of service of a copy of this decision and order with notice of entry thereof.
Counsel for all parties are directed to appear for the conduct of a preliminary conference at the undersigned’s chambers, Rockland County Courthouse, Main Street, New City, New York, at 9:00 a.m. on Wednesday, June 3, 1987. Counsel shall be prepared to discuss a timetable for disclosure in this action.