DOROTHY COYER et al., Appellants, v HYSTER COMPANY et al., Respondents. SYRACUSE SUPPLY COMPANY, Third-Party Plaintiff-Respondent, v ALCAN ALUMINUM CORPORATION, Third-Party Defendant-Respondent. HYSTER COMPANY, Second Third-Party Plaintiff-Respondent, v ALCAN ALUMINUM CORPORATION et al., Second Third-Party Defendants-Respondents.—

In order for plaintiffs to succeed in this negligence action, it

must be first demonstrated that defendants owed them a legal duty *(D'Amico v Christie,* 71 NY2d 76, 87; *Eiseman v State of New York,* 70 NY2d 175, 187; *Turcotte v Fell,* 68 NY2d 432, 437). "In the absence of duty, there is no breach and without a breach there is no liability" *(Pulka v Edelman,* 40 NY2d 781, 782, *rearg denied* 41 NY2d 901). It is the responsibility of the courts in fixing the orbit of duty " 'to limit the legal consequences of wrongs to a controllable degree' " *(Strauss v Belle Realty Co.,* 65 NY2d 399, 402, quoting *Tobin v Grossman,* 24 NY2d 609, 619).

It cannot be found here that defendants owed a legal duty to plaintiffs. The proof demonstrates conclusively that Alcan selected the employees who would participate in the training program and made all decisions concerning assignment of employees as forklift operators. Defendants did not participate in selecting trainees and did not undertake to monitor a trainee's job performance. The record clearly establishes that Alcan did not relinquish control of its employees to defendants. Thus, there is no relationship of defendants with either Davis or plaintiffs which imposes a duty upon defendants to protect plaintiffs from the harm alleged here. "A duty to prevent such negligence should not be imposed on one who does not control the tort-feasor" *(Pulka v Edelman, supra,* at 784; *cf., Canipe v National Loss Control Serv. Corp.,* 736 F2d 1055, *cert denied* 469 US 1191). It follows that the court properly dismissed the complaint.

Thus viewed, there is no need to address the other issues raised by plaintiffs on appeal. Nevertheless, we note our agreement with the trial court that plaintiffs failed to demonstrate that any act or omission of defendants was the proximate cause of plaintiff Dorothy Coyer's injuries. (Appeal from order and judgment of Supreme Court, Oswego County, Hurlbutt, J.—negligence.) Present—Dillon, P. J., Denman, Green, Balio and Lawton, JJ.