**Julian HENLEY, Plaintiff,**

v.

**William SLONE and Advest, Inc., Defendants.**

**Civ. No. N–89–458 (TFGD).**

United States District Court, D. Connecticut, Bridgeport Division.

Oct. 2, 1991.

---

Eliot B. Gersten, Andrea A. Hewitt, Hartford, Conn., for Julian Henley.

Michael J. Dodson, Greene, Turk & Lahm, Wethersfield, Conn., for William Slone.

Dean M. Cordiano, Joseph L. Hammer, Day, Berry & Howard, Hartford, Conn., for Advest, Inc.

## MEMORANDUM OF DECISION

DALY, District Judge.

At the Court's request, the parties in the above-captioned matter appeared before it on September 23, 1991 to argue whether recent United States Supreme Court and Second Circuit case law with respect to the appropriate statute of limitations for actions brought under § 10(b) of the Securities and Exchange Act of 1934 barred this securities fraud case from proceeding to trial.[1] After careful review of the parties' submissions, both oral and written, and for the reasons set forth below, the Court concludes that recent case law compels a finding that plaintiff's federal claims are time-

---

1. A jury had been selected to sit on this case on September 3, 1991, and the trial was scheduled to begin on September 24, 1991.

barred. Accordingly, the Court hereby orders counts one and two of plaintiff's complaint dismissed. The Court further orders count three of plaintiff's complaint dismissed as lacking a basis for pendent jurisdiction.

## BACKGROUND

On September 12, 1989, Julian Henley ("plaintiff") filed suit against defendants William Slone ("Slone") and Advest, Inc. ("Advest"), alleging securities fraud violations under both federal and state law. *See* 15 U.S.C. § 78j (§ 10(b) of Securities and Exchange Act of 1934); 17 C.F.R. §§ 240.10b–5, 240.10b–16; C.G.S.A. §§ 36–472, 36–498(a)(2). The gravamen of plaintiff's claim is that while employed by Advest, his broker Slone not only bought securities on margin for his account without his permission or knowledge but that he also accomplished these purchases by forging plaintiff's name on a margin statement. Plaintiff's claim against Advest is essentially based on the doctrine of respondeat superior.

In its answer, Advest pleaded the statute of limitations as an affirmative defense. Although Slone did not raise this defense in his original answer, he filed a request for leave to amend his answer to plead this defense and two others just prior to the September 23, 1991 oral argument. Finding no bad faith by Slone or undue prejudice to Henley and recognizing the mandate of Federal Rule of Civil Procedure 15(a) that leave to amend be freely given when justice so requires, the Court granted Slone's motion.

## DISCUSSION

■ On June 20, 1991, the Supreme Court held that actions brought pursuant to § 10(b) of the Securities and Exchange Act of 1934 must be commenced within one year of discovery and not more than three years after accrual of the action. *Lampf,*

*Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* —— U.S. ——, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991) *("Lampf")*. The previous year, the Second Circuit Court of Appeals had adopted the same statute of limitations. *See Ceres Partners v. GEL Assocs.,* 918 F.2d 349 (2d Cir.1990).[2] The initial issue before this Court is whether this new statute of limitations rule applies retroactively, thereby rendering the federal claims in this case time-barred.

The Second Circuit initially held in *Welch v. Cadre Capital* that the "one-year/three-year" rule established in *Ceres* did not apply retroactively. On certiorari, however, the Supreme Court vacated the Circuit Court's decision and remanded the matter for further consideration in light of the Supreme Court's rulings in *Lampf* and *James B. Beam Distilling Company v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) *("Jim Beam")*. *Welch v. Cadre Capital,* 923 F.2d 989 (2d Cir.), *vacated and remanded sub nom. Northwest Savings Bank v. Welch,* —— U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991). In *Jim Beam,* the Supreme Court held that "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Jim Beam,* —— U.S. at ——, 111 S.Ct. at 2448.

There is no question that the Supreme Court applied the new statute of limitations to the parties involved in *Lampf.* The Court reversed the Court of Appeals, holding that the plaintiffs' claims were untimely under the statute of limitations. *Lampf,* —— U.S. at ——, 111 S.Ct. at 2782. In fact, this holding provoked a dissent by Justice O'Connor, who wrote a separate opinion "to express [her] disagreement with the Court's decision ... to apply the new limitations period *in this case.*" *Id.* —— U.S. at ——, 111 S.Ct. at 2785 (O'Connor, J., dissenting) (emphasis in original). Given

---

**2.** Prior to these decisions, federal courts "borrowed" state law to determine the applicable statute of limitations for federal securities fraud claims. *See, e.g., Armstrong v. McAlpin,* 699 F.2d 79, 86 (2d Cir.1983). Thus, the applicable statute of limitations for securities fraud claims

based on transactions conducted in Connecticut was "two years after the contract of sale." C.G.S.A. § 36–498(f); *See Clute v. Davenport Co.,* 584 F.Supp. 1562, 1577 (D.Conn.1984) (adopting the Connecticut statute of limitations for securities fraud claims).

that the *Lampf* Court applied the new statute of limitations to the parties in that case, *Jim Beam* dictates that the limitation be applied retroactively to all other parties. Following this analysis, while plaintiff's claims were arguably timely filed on September 12, 1989 under the previous statute of limitations, they are now time-barred.[3]

Essentially conceding the retroactive application of *Lampf* and *Ceres*, plaintiff raises two additional arguments why the statute of limitations should not bar his § 10(b) claims. First, plaintiff asserts that Advest waived the statute of limitations by failing to pursue the defense in its pretrial memorandum. The Court finds this argument unavailing. The Second Circuit has consistently held that the statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c), that is waived only if not asserted in a party's *responsive pleadings*. *Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 955 (2d Cir.1988); *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987) (citing *Santos v. District Council*, 619 F.2d 963, 967 n. 5 (2d Cir.1980)).[4] Raising the defense in a "boilerplate" fashion is sufficient. *Kulzer v. Pittsburgh–Corning Corp.*, 942 F.2d 122, 125 (2d Cir.1991) (statute of limitations defense sufficiently pleaded when raised in answer but not pursued in pretrial memoranda). The defense "need not be articulated with any rigorous degree of specificity," and is sufficiently raised by its " '*bare assertion.*' " *Id.* (quoting *Santos*, 619 F.2d at 967) (emphasis in original).

■ The cases cited by plaintiff provide no support for his assertion that a defen-

dant waives the statute of limitations defense when, having properly pleaded the defense in the answer, the defendant fails to pursue it in the pretrial memorandum. In *Canal Insurance Company v. First General Insurance Company*, 889 F.2d 604 (5th Cir.1989), the defendant implicitly waived an affirmative defense raised in the answer where, in the pretrial memorandum, it stipulated to a fact directly in conflict with the affirmative defense raised in the answer. *Id.* at 609 (defendant's defense of failure to plead fraud with particularity waived when the defendant stipulated in the pretrial memorandum that the insurance policy at issue was in full force and effect). *Randolph County v. Alabama Power Company* is similarly distinguishable. 784 F.2d 1067 (11th Cir.1986), *cert. denied*, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 833 (1987). In *Randolph County*, the Eleventh Circuit Court of Appeals held that a district court has discretion to exclude *factual allegations* not set forth in the pretrial memorandum. *Id.* at 1072. Nothing in that opinion, however, supports plaintiff's assertion that a defendant waives a properly pleaded *legal* defense not pursued in the trial memorandum. Finally, the holding in *Heiar v. Crawford County*, 746 F.2d 1190 (7th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1985), is inconsistent with the law in the Second Circuit. The Seventh Circuit Court of Appeals stated in *Heiar* that even though the statute of limitations was raised in the answer, the defendant waived the defense by not pursuing it with particularity in the pretrial memorandum. *Id.* at 1196. This holding conflicts with the Sec-

---

**3.** There is an open question whether plaintiff's claims would be time barred under the prior statute of limitations rule. Since that rule would bar claims filed "more than two years after the contract of sale," *see* C.G.S.A. § 36–498(f), presumably all transactions conducted prior to September 12, 1987 would be so barred. Since plaintiff alleges that Slone's improper conduct occurred between April and October 1987, it would appear that even under the prior rule, many of the transactions at issue having been completed more than two years prior to filing of the complaint would be time-barred. What is not clear, however, is whether the doctrine of equitable tolling would apply to delay the laps-

ing of the statute of limitations long enough for plaintiff's claims to be timely filed. This question is properly left to an appropriate state court. *See infra* p. 103.

**4.** The Court notes that this statute of limitations issue is not raised *sua sponte*. The Court was aware that the affirmative defense had been pleaded; more importantly, plaintiff was also so aware. Given the remand in *Welch*, the Court finds it appropriate to rule on this question now in the interest of the proper administration of justice. *Cf. Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir.1987) (finding that a district court should not raise the statute of limitations defense *sua sponte* if a defendant fails to assert it).

ond Circuit's recent statement in *Kulzer* that the statute of limitations is sufficiently pleaded by its " 'bare assertion.' " *Kulzer*, at 125. Here, defendant has taken no explicit action that would constitute waiver of the defense. Thus, there is no basis for concluding that Advest waived the statute of limitations defense by not reasserting it in its pretrial memorandum.

Plaintiff next argues that even if Advest did not waive the defense, his claim is not time barred because the one-year statute of limitations did not begin to run until August 2, 1989, when he obtained a legible copy of the forged margin statement. Plaintiff asserts that only at that time did he "discover" the facts necessary to trigger the running of the statute of limitations and that his filing of the complaint approximately six weeks later, on September 12, 1989, was thus a timely one. This argument, however, does not hold up under close scrutiny.

■ The statute of limitations begins to run in a federal securities fraud action once the plaintiff has actual knowledge of the alleged fraud or knowledge of facts which in the exercise of reasonable diligence should have led to actual knowledge. *Phillips v. Levie*, 593 F.2d 459, 462 (2d Cir. 1979). While this determination may require a factual inquiry, an action may be dismissed based on a statute of limitations defense "when it is clear on the face of the pleadings that [the] action was not timely commenced." *See Klein v. Goetzmann*, 770 F.Supp. 78 Fed.Sec.L.Rep. (CCH) ¶ 96,-204 at 91,072 [1990–91 Transfer Binder] (N.D.N.Y. 1991).

■ In order to state a fraud claim under § 10(b), plaintiff must allege conduct by the defendant that is "manipulative or deceptive." *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 473–74, 97 S.Ct. 1292, 1301, 51 L.Ed.2d 480 (1977). "[I]n situations not involving a manipulative scheme, the conduct alleged as fraudulent must include deception, misrepresentation, or nondisclosure...." *Pross v. Baird, Patrick & Co.*, 585 F.Supp. 1456, 1459 (S.D.N.Y.1984) (citing *Santa Fe Indus., Inc.*, 430 U.S. at 474–76, 97 S.Ct. at 1301–02). Mere unau-

thorized trading is not sufficient to state a recoverable claim under § 10(b). *Shamsi v. Dean Witter Reynolds, Inc.*, 743 F.Supp. 87, 91 (D.Mass.1989). Thus, the statute of limitations runs from the time the plaintiff knows (or should know) that defendant's conduct included deception, misrepresentation or nondisclosure.

■ Plaintiff alleges in his complaint that Slone made improper margin transactions beginning in April 1987 and continuing through October 1987. Plaintiff further alleges that upon discovering this trading on margin on or about September 14, 1987, he complained to Slone and told him to cease trading on margin and to reduce the margin balance to zero. In fact, plaintiff alleges that he explicitly instructed Slone "on a number of occasions during September [1987] that under no circumstances was trading to occur on margin." Complaint at ¶ 16. Slone then "assured Henley that he was working with Advest on correcting the problem." Pltf's Offer of Proof and Mem., at ¶ 1 (filed September 24, 1991). Indeed, in a letter dated April 12, 1988 to Advest, plaintiff stated that Slone "assured [him] no new margin position was possible" when plaintiff asked him about future transactions on margin in September 1987. Advest's Mem., at ex. A (filed September 23, 1991). However, despite plaintiff's explicit instructions to the contrary, and as plaintiff discovered in November 1987 when he received his monthly statement, Slone actually increased the margin balance. *Id.*

Even assuming that plaintiff's discovery on or about September 12, 1987 was only discovery of unauthorized trading not actionable under § 10(b), his discovery in November 1987 of Slone's failure to abide by his explicit instructions to cease margin trading was clearly sufficient to start running of the statute of limitations. There can be no question that if plaintiff were not actually aware that Slone had made material misrepresentations with respect to purchases of stock on margin, he should have been so aware in the wake of his discovery that Slone had increased the margin account contrary to his client's explicit instructions. Since plaintiff became aware

of misrepresentations sufficient to bring a § 10(b) claim in November 1987, the statute of limitations bars his suit since it was not filed until September 12, 1989, almost ten months after the time limit to file had expired.

In the absence of a live federal claim, count three, the securities fraud claim based on state law, is left without a basis for pendent jurisdiction. Plaintiff urges the Court to exercise its discretion to retain jurisdiction over the claim, arguing that the case is ready to go trial and that it would be unfair to require plaintiff to refile the suit in state court where delays in obtaining a trial date can be two years or longer.

In observing that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the Supreme Court has held that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988); *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988). After careful consideration of these factors, the Court finds that exercise of its pendent jurisdiction is not appropriate in the case at bar. Accordingly count three is also ordered dismissed.

### CONCLUSION

For the reasons set forth above, the Court hereby ORDERS that counts one and two be dismissed as time-barred. It is further ORDERED that count three be dismissed as lacking a basis for pendent jurisdiction.

SO ORDERED.