**Julian HENLEY, Plaintiff–Appellant,**

**v.**

**William SLONE and Advest, Inc., Defendants–Appellees.**

**Docket 91–9320.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 25, 1992.

Decided March 23, 1992.

---

Eliot B. Gersten, Andrea A. Hewitt, Hartford, Conn., submitted papers for plaintiff-appellant.

Michael Dodson, Greene, Terk & Lahm, Wethersfield, Conn., submitted papers for defendant-appellee Slone.

Dean M. Cordiano, Day, Berry & Howard, Hartford, Conn., submitted papers for defendant-appellee Advest, Inc.

Before: TIMBERS, NEWMAN, and WINTER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This motion to remand a pending appeal requires renewed consideration of the issue whether the new uniform federal limitations period for securities fraud claims applies retroactively. The issue arises on a motion by Julian Henley to remand to the District Court his appeal from the September 30, 1991, judgment of the District Court for the District of Connecticut (T.F. Gilroy Daly) dismissing as time-barred his suit under section 10(b) of the Securities Exchange Act of 1934 ("the '34 Act"), 15 U.S.C. § 78j(b) (1988). *See Henley v. Slone,* 774 F.Supp. 98 (D.Conn.1991). We grant the motion to remand.

We first encountered the retroactivity issue in *Ceres Partners v. GEL Associates,* 918 F.2d 349 (2d Cir.1990), in which we announced a uniform limitations period of the earlier of one year from the date the fraud was or reasonably should have been discovered or three years from the date of the transaction. In adopting the new one-year/three-year period, we explicitly left open the retroactivity issue, which did not affect the outcome of that appeal. *Id.* at 364. We faced the issue again in *Welch v. Cadre Capital,* 923 F.2d 989 (2d Cir.1991) ("*Welch I*"), *vacated and remanded sub nom. Northwest Savings Bank v. Welch,* — U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991), ruling that the new limitations period did not apply retroactively to bar the *Welch* complaint. *See also Levine v. NL Industries, Inc.,* 926 F.2d 199, 201–02 & n. 1 (2d Cir.1991).

Thereafter, the Supreme Court adopted the one-year/three-year limitations period in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) ("*Lampf*"), and applied the new period retroactively to the *Lampf* complaint. The Court remanded *Welch I* for reconsideration in light of *Lampf* and *James B. Beam Distilling Co. v. Georgia,* — U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) ("*Beam*"). *Northwest Savings Bank v. Welch,* — U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991). On remand, we bowed to the force

of *Lampf* and *Beam* and applied the new limitations period retroactively to bar the *Welch* complaint. *Welch v. Cadre Capital*, 946 F.2d 185 (2d Cir.1991) ("*Welch II* ").

The next move was made by Congress. On December 19, 1991, Congress amended the '34 Act by enacting section 27A to modify the retroactive effect of the *Lampf* ruling. *See* Federal Deposit Insurance Corporation Improvement Act of 1991, § 476, Pub.L. 102–242, 1991 U.S.C.C.A.N. (105 Stat.) 2236. This provision provides for reinstatement of certain actions dismissed under *Lampf,* provided the action was commenced prior to June 19, 1991, the date of the *Lampf* decision, and had been timely filed according to the statute of limitations applicable on June 19, 1991.

In the pending case, the appellees resist the motion to remand for application of the benefit of section 27A, contending that section 27A does not help Henley because his suit was not timely filed under the law in effect on June 19, 1991. Appellees point out that prior to June 19, this Court had anticipated *Lampf* by adopting the one-year/three-year limitations period in *Ceres Partners.* However, on June 19, it was also the law of this Circuit that *Ceres Partners* was not to be applied retroactively as a routine matter. *See "Welch I"* (decided Jan. 22, 1991).

Recognizing that *Welch I* stated the law of this Circuit as of June 19, 1991, appellees further contend that Henley's suit is untimely even under that decision because the considerations that militated against retroactive application of *Ceres Partners* in *Welch I* do not apply to Henley's circumstances. Henley responds that by enacting section 27A Congress intended to restore to claimants suing under the '34 Act the benefit of any pertinent state limitations period that existed prior to *Lampf.* Before this Circuit in *Ceres Partners* and the Supreme Court in *Lampf* announced the one-year/three-year limitations period, the applicable limitations period for securities fraud claims in Connecticut was two years after the contract of sale, *see Clute v. Davenport*, 584 F.Supp. 1562, 1577 (D.Conn. 1984), and Henley alleges that his suit is

timely under that standard. These conflicting contentions require us to confront a subtle issue lurking beneath the surface clarity of section 27A. The issue is whether Congress intended to afford pre-*Lampf* litigants the benefit of more generous state or federal common law limitations periods or to afford them only whatever benefit they can derive from the law existing in the pertinent jurisdiction on June 19, 1991, including the law concerning both a new limitations period and the retroactivity of such a new limitations period.

Section 27A(a) provides:

The limitation period for any private civil action implied under section 10(b) of this Act [the '34 Act] that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, *including principles of retroactivity*, as such laws existed on June 19, 1991.

Pub.L. 102–242, 1991 U.S.C.C.A.N. (105 Stat.) 2236, 2387 (1991) (emphasis added). On its face, this language appears to support appellees' contention that Henley's suit is to be governed, not by automatic application of the state limitations period that preceded *Ceres Partners*, but by a case-specific determination of whether the retroactivity principles applied in *Welch I* make it inappropriate to apply the new limitations period.

We acknowledge that some supporters of section 27A might be surprised to learn that it does not routinely afford all '34 Act claimants the benefit of whatever state limitations period predated *Lampf.* For example, in urging adoption of section 27A, Congressman Edward J. Markey contended that the provision "permits the reinstatement of *any* suit which may have been dismissed post-*Lampf* as a result of the *Lampf* decision." 137 Cong.Rec. H11,761, H11,813 (Nov. 26, 1991) (emphasis added). Moreover, the only specific explanation we have located of the reference to retroactivity in section 27A indicates that the proponents of the amendment expected the retroactivity clause always to benefit '34 Act claimants. Explaining the amendment to the Senate, Senator Richard H. Bryan

pointed out that some federal courts had anticipated *Lampf* but had declined to apply the new limitations period retroactively "because of the obvious unfairness of doing so." 137 Cong.Rec. S18,617, S18,624 (Nov. 27, 1991). He then added:

> In those circuits that had declined to apply the shortened statute retroactively, the courts would continue to be obliged to decline to apply the new rule. That is the meaning of the phrase "including principle[s] of retroactivity."

*Id.* Obviously, Senator Bryan thought the retroactivity phrase could only be helpful to '34 Act claimants.

Despite the expectation of some supporters of section 27A that it would routinely apply a more generous state or federal common law limitations period to all suits pending on June 19, 1991, we see no escape from the clear statutory language requiring the application of "the laws applicable in the jurisdiction, including principles of retroactivity." In Connecticut, where Henley's suit was filed, that means the one-year/three-year rule of *Ceres Partners* applied sparingly in light of the retroactivity principles enunciated in *Welch I;* if it would be inequitable under *Welch I* to apply *Ceres Partners* to Henley's suit, then the more generous limitations period of prior state law applies.

On this understanding of section 27A, we grant the motion to remand so that the District Court may consider (a) the timeliness of Henley's suit under *Ceres Partners* to whatever limited extent that decision may properly be applied retroactively under *Welch I,* and (b) if the Court determines that *Ceres Partners* is not to be applied retroactively to Henley's suit, the timeliness of that suit under prior state law.

Appellees also contend that section 27A is an unconstitutional exercise of authority by Congress, barred on separation of powers grounds as an attempt to alter the outcome of cases already adjudicated. We prefer not to anticipate this constitutional issue unless and until it has been determined that Henley's suit is timely by virtue of section 27A. If, on remand, the District Court determines that the suit is timely, the Court should then consider whatever constitutional challenges to section 27A appellees choose to present.

The judgment of the District Court is vacated, and the case is remanded for proceedings consistent with this opinion.