**Miguel RESTREPO, Jr., Plaintiff,**

v.

**COLGATE UNIVERSITY, Defendant.**

**No. 91–CV–61.**

United States District Court,
N.D. New York.

April 27, 1993.

---

18

Mayer Gattegno, Coral Springs, FL, for plaintiff.

Sugarman, Wallace, Manheim & Schoenwald, Syracuse, NY, for defendant (Timothy J. Perry, of counsel).

## MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

### I. *Introduction.*

The defendant has moved for dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 56, on the grounds that the court lacks jurisdiction over the person of the defendant, and the action was not commenced within the applicable statute of limitations. The plaintiff opposes the motion.

### II. *Facts.*

The plaintiff is a resident of Florida. The defendant, Colgate University, is a Not–for–Profit New York Corporation. On November 20, 1987, the plaintiff was allegedly injured when he slipped on icy stairs at the Case Library, located on the defendant's premises in Hamilton, New York.

The summons and original complaint were filed on November 15, 1990, in the Southern District of Florida. On December 3, 1990, District Judge James C. Paine issued a *sua sponte* Order to Show Cause within ten days why the original complaint should not be dismissed for lack of personal jurisdiction and improper venue. The defendant was given ten days thereafter to respond. It is not clear whether the defendant received notice of the Order to Show Cause at that time. On December 11, 1990, the plaintiff filed a memorandum opposing dismissal, or in the alternative, transfer of the case to the Northern District of New York. On that same date an amended complaint was filed. Both documents were mailed to the defendant, and the defendant has acknowledged receipt of same. The defendant did not file a response.

On January 8, 1991, District Judge Paine ordered the transfer of the action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a) in the "interests of justice".[1] The amended complaint, together with the Order of Transfer and other documents, was filed in the Northern District of New York on January 15, 1991. A copy of

---

1. Section 1404(a)—"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

the original summons and original complaint was served upon the defendant on January 23, 1991. The defendant filed an answer to the amended complaint on February 22, 1991, denying the material allegations; and alleging as affirmative defenses that the court had no personal jurisdiction of the defendant, and that the claim was barred by the applicable statute of limitations.

On January 30, 1992, the court conducted a telephone conference with the attorneys for the parties. A Rule 16 scheduling order was filed on May 6, 1992. This motion was filed on August 5, 1992. Because of disruptions caused by Hurricane Andrew in Florida, the court granted an extension to the plaintiff's attorney, and on November 2, 1992, he filed a memorandum in opposition. The motion was submitted without oral argument on November 10, 1992. At the request of the court both sides filed supplemental briefs.

## III. *Discussion.*

### A. *Personal jurisdiction.*

■ Both parties have briefed extensively on the issue as to whether or not there was personal jurisdiction over the defendant in Florida. Both have completely missed the point. This case has been transferred to the Northern District of New York. Since the Florida District Court did not resolve the issue of *in personam* jurisdiction, the only issue is whether *this* court has personal jurisdiction over the parties. *Sinclair v. Kleindienst,* 711 F.2d 291, 294 (D.C.Cir.1983). Clearly the court has jurisdiction in a diversity action where the plaintiff is a resident of Florida, the defendant is a New York resident, and the accident occurred in New York. This action could, and should, have been initially brought in the Northern District of New York. It does not matter whether the Southern District of Florida had personal jurisdiction over the defendant.

A district court has the power to transfer a case to another judicial district pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), whether or not the transfer court has personal jurisdiction over the defendant. *Corke v. Sa-*

*meiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir.1978); *Alexander & Alexander [v. Donald F. Muldoon & Co.]* 685 F.Supp. [346] at 348 [S.D.N.Y.1988]. Where the transferor court lacks personal jurisdiction over a defendant, transfer is appropriate if it is in the interest of justice. *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d at 80.

*Volkswagen De Mexico, S.A. v. Germanischer Lloyd,* 768 F.Supp. 1023, 1028 (S.D.N.Y. 1991). "Since [1978] the district courts within the Second Circuit have repeatedly held that the court's power to transfer is unaffected by the lack of *in personam* jurisdiction over the defendant. (citations omitted)." *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 992 (E.D.N.Y.1991); *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

The procedural obstacles which may be removed by a transfer include the lack of personal jurisdiction, improper venue, and statute of limitation bars ... [w]hile this district court does not have personal jurisdiction over the defendants, it appears likely that personal jurisdiction could be obtained in Michigan. Transfer would, therefore, make an adjudication on the merits of plaintiff's claim possible.

*Sinclair,* 711 F.2d at 294. *A fortiori,* this court may accept personal jurisdiction, where it exists, over a defendant even if the transferor court did not have personal jurisdiction over defendant.

The District Court in Florida could just have easily made the transfer under Section 1406,[2] if it felt it did not have personal jurisdiction over the defendant, because "[Section] 1406 operates in cases where the first forum chosen is improper in the sense that litigation may not proceed there." *Dubin v. United States,* 380 F.2d 813, 816 (5th Cir. 1967).

As noted above, the Northern District of New York has jurisdiction over the defendant. A trial would be held in Utica, New York, which is about forty miles from the location of the defendant. The defendant

---

**2.** Section 1406(a)—"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

never objected to the transfer from the Southern District of Florida to the Northern District of New York. In fact, the defendant probably welcomed the transfer. Therefore, the defendant's motion to dismiss for lack of personal jurisdiction must be denied.

### B. *Statute of limitations.*

The cause of action arose in New York State, and a federal court sitting in diversity must apply the substantive law of the state in which the court resides. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Therefore, New York law applies.[3] In New York, the statute of limitations applicable for personal injury actions is three years. N.Y.Civ.Prac.L. & R. § 214(5) (McKinney 1990). At the time, an action was not commenced until service of the summons and complaint or summons with notice upon the defendant. N.Y.Civ.Prac.L. & R. § 304 (McKinney 1990). *Converse v. General Motors Corp.,* 893 F.2d 513, 515 (2d Cir.1990) ("It is well established that the doctrine enunciated in [*Erie Railroad*] applies to the manner in which a diversity action is considered commenced for the purposes of state statutes of limitations.")

Since the accident occurred on November 20, 1987, under the three year statute this action should have been commenced on or before November 20, 1990. The original complaint was filed with the Clerk of the Southern District of Florida on November 15, 1990. Assuming, without deciding, that defendant resided, or was doing business within the territorial jurisdiction of the Southern District of Florida, this was sufficient to allow the plaintiff a sixty day extension, or until January 20, 1991, of the statute to commence the action. N.Y.Civ.Prac.L. & R. § 203(b)(5); *Datskow v. Teledyne, Inc., Continental Products Div.,* 899 F.2d 1298, 1303 (2d Cir.1990), *cert. denied,* 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990); *Martin v. Adler,* 135 Misc.2d 383, 386, 515 N.Y.S.2d 400, 403 (Sup.Ct. Rockland Co. 1987). In addition, the filing of the amended complaint on December 11, 1990, related back to the original filing of November 15, 1990. Fed.R.Civ.P. 15(c)(2).

■ The issue is whether the defendant was properly served with the summons and complaint on or before January 20, 1991, or if proper service within that period of time was waived by the defendant. Personal service of the summons and original complaint was not made upon the defendant until January 23, 1991, which was three days after the expiration of the sixty day extension. The filing and mailing of the amended complaint to the defendant on December 11, 1990 was not in compliance with either federal or New York procedures so as to effect service. *See* Fed.R.Civ.P. 4(c)(2)(C)(ii), 4(f), & N.Y.Civ. Prac.L. & R. § 312–a; *Datskow* 899 F.2d at 1302. In fact, every indication exists that this mailing was in response to Judge Paine's *sua sponte* Order, and not an attempt at service. The plaintiff's attorney knew at that time that he had not properly served the defendant. This would explain why the the defendant was personally served on January 23, 1991. *See Buggs v. Ehrnschwender,* 968 F.2d 1544, 1548 (2d Cir.1992) (When a plaintiff has failed to effect proper service as of the date of transfer, he is "obligated to effect service in the new forum.") Therefore, the defendant was not served with the summons and the original or amended complaint before the statute of limitations with the sixty day extension expired.

The only manner in which this action may be preserved is if the defendant waived its objection to sufficiency of service of process prior to January 20, 1991, the last day before the expiration of the statute of limitations. This is so because on January 23, 1991, defendant was properly served, and therefore could no longer waive or object to the sufficiency of service of process.

■ Plaintiff's attorney mailed the amended complaint and other documents to defendant on December 11, 1990. The defendant has acknowledged receipt of same. Allowing five days for mailing, the court will assume that these documents were received by the

---

**3.** Even the Florida federal court would apply New York's three year statute of limitations. *See* Fla.Stat. § 95.10 (1982) ("When the cause of action arose in another state ... and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.")

defendant on or about December 16, 1990. Therefore, at that time the defendant had actual notice that an action had been filed in the Southern District of Florida alleging that the plaintiff was involved in an accident which occurred on the defendant's premises on November 20, 1987. It also had notice that an amended complaint was filed. Further, it was aware that Judge Paine had issued a *sua sponte* Order to Show Cause to dismiss the complaint for lack of jurisdiction and improper venue, and that the plaintiff's attorney had filed a memorandum in opposition to dismissal, or in the alternative, for the transfer of the action to the Northern District of New York. The defendant elected not to respond in any manner. The issue is whether or not that failure to respond constituted a waiver of personal service.

The plaintiff claims that the failure was a waiver because if the defendant had responded that it had not been personally served, the plaintiff would then have had the opportunity to effect personal service upon the defendant before the sixty day extension period expired. However, defendant had no obligation to respond to the Order to Show Cause. *Buggs*, 968 F.2d at 1548 (*quoting Markoff v. South Nassau Community Hosp.*, 61 N.Y.S.2d 283, 288, 473 N.Y.S.2d 766, 768, 461 N.E.2d 1253, 1255 (1984)) ("Actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with proscribed conditions of service.") Perhaps it did not care whether Judge Paine dismissed the case, transferred it to the Northern District of New York, or allowed it to remain in the Southern District of Florida.

Moreover, personal service upon the defendant was not an issue raised in the Order to Show Cause. The court's order was specifically addressed to whether it had personal jurisdiction over Colgate University and whether venue was proper in the Southern District of Florida. If the defendant had chosen to respond, there would have been no need for it to even raise insufficiency of service. Although defendant must object to

service of process at its earliest opportunity or risk waiving the defense, responding to the court's Order to Show Cause is not the type of a defensive move made by motion or a responsive pleading as required by Fed. R.Civ.P. 12 and which would constitute a waiver. Finally, it is clear that the plaintiff's attorney knew, or should have known, that at that time he had not secured proper service upon the defendant, either personally or by mail, so it is difficult to accept that he was misled by the defendant's failure to respond to Judge Paine's Order to Show Cause.[4]

The plaintiff also claims that the defendant's answer which failed to allege lack of sufficiency of service of process as an affirmative defense, and the defendant's participation in this case for over a year and a half before making this motion, was also a waiver. In the first place, defendant did not raise lack of sufficiency of service of process in its answer of February 22, 1991, because at the time it answered plaintiff's amended complaint, defendant had been personally served with the original complaint, to wit, on January 23, 1991. Thus, even if the defendant had intended to assert such a defense, by January 23, 1991, plaintiff had cured any defect in service of process. The lapse of time may have resulted in the defendant waiving its claim that the Southern District of Florida had no jurisdiction. However, since the court has now ruled that the Northern District of New York does have jurisdiction over the defendant, that issue becomes moot. Defendant failed to raise sufficiency of service of process in its answer or thereafter, because as stated *supra*, by January 23, 1991, it had been properly served with process.

In the second place, the defendant did raise the statute of limitations defense in its answer and therefore it is not waived. *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 967 F.2d 742, 751–52 (2d Cir. 1992); *Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 955 (2d Cir.1988). Absent

4. This is not a situation where the defendant has masked "by misnomer its contention that service of process has been insufficient, and [now seeks] a dismissal on that ground only after the statute

of limitations has run", *Santos v. State Farm Fire and Casualty Co.*, 902 F.2d 1092, 1096 (2d Cir. 1990).

equitable estoppel, circumstances not present here, the failure to timely commence an action is an issue that is not waived by the passage of time. *Henley v. Slone,* 774 F.Supp. 98, 101 (D.Conn.1991), *vacated on other grounds,* 961 F.2d 23 (2d Cir.1992) ("The Second Circuit has consistently held that the statute of limitations is an affirmative defense ... that is waived *only* if not asserted in a party's *responsive pleadings.*") (emphasis added) (citations omitted). It can even be granted during trial after the close of all the evidence. *Kulzer v. Pittsburgh–Corning Corp.,* 942 F.2d 122, 125 (2d Cir. 1991), *cert. denied,* — U.S. —, 112 S.Ct. 1482, 117 L.Ed.2d 624 (1992).

### IV. *Conclusion.*

The plaintiff did not serve the defendant before the statute of limitations expired. In failing to respond to the Order to Show Cause and amended complaint it received on December 16, 1991, the defendant did not waive lack of personal service during the sixty day period between November 20, 1990, and January 20, 1991. After January 23, 1991, there was no lack of personal service to waive. Any waiver that may have been made with respect to the lack of jurisdiction is moot. Defendant did not waive the statute of limitations defense. In fact, defendant properly asserted that defense in its answer and has now made this motion before the court on that issue.

Upon the failure of the plaintiff to commence this action within the applicable statute of limitations, the amended complaint must be dismissed. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.