■ MICHAEL RICHARDSON, Respondent, v NEW YORK UNIVERSITY et al., Appellants. [609 NYS2d 180] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered April 8, 1993, which denied defendants' motion pursuant to CPLR 3212 for summary judgment and granted plaintiff's cross-motion pursuant to CPLR 3025 (b) to amend the complaint, unanimously reversed, on the law and facts, without costs, defendants' motion for summary judgment granted, and plaintiff's cross-motion to amend the complaint denied. The Clerk is directed to enter judgment in favor of defendants, dismissing the complaint.

This is an action for compensatory and punitive damages for false arrest, malicious prosecution, and negligent employment. Plaintiff was allegedly observed by defendant Beckham, a store detective in defendant New York University's book store, taking a display laptop computer and carrying it under his jacket, up from the basement and past the security gates, to the revolving exit door, where he was apprehended and where he initially refused to open his jacket. Plaintiff was then taken to a room in the store, where, after a wait of thirty-five minutes, according to defendants, or two hours according to plaintiff, he was placed under arrest by the New York City police. The trial court denied plaintiff's motion to dismiss the criminal case against plaintiff and found that the People had made out a prima facie case. After trial, however, it acquitted plaintiff on both counts, petit larceny and possession of stolen property, noting that the prosecution had failed to offer in evidence either the computer or the jacket and had not proved plaintiff's guilt beyond a reasonable doubt.

Section 218 of the General Business Law gives a retail merchant a defense in an action for false arrest and imprisonment for its detention of a suspect shoplifter if reasonable even when the criminal actions are dismissed *(Jacques v Sears, Roebuck & Co.,* 30 NY2d 466, 469, 472). Since no preliminary hearing was held in the criminal case, the testimony elicited in the criminal trial and the rulings of the court there on the sufficiency of the People's prima facie case must be looked to *(Gebbie v Gertz Div.,* 94 AD2d 165, 174). The court's refusal to dismiss the criminal action, after hearing the testimony of the store detective, supports the conclusion that there were reasonable grounds for the arrest of plaintiff. The defendants having made a showing of entitlement to summary judgment, therefore, plaintiff was required to produce evidentiary proof, beyond mere conclusory assertions, to substantiate his claim *(National Bank v Alizio,* 103 AD2d 690, 691, *affd* 65 NY2d 788). Plaintiff's short affidavit in opposition here did no more than repeat his claim that he did not intend to steal the computer.

Since malicious prosecution similarly requires the absence of probable cause and a showing of actual malice *(Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929), that count too should have been dismissed. Plaintiff's allegations of malice on the part of the store detective are pure speculation *(see, Trails W. v Wolff,* 32 NY2d 207, 221).

Similarly, plaintiff makes no showing of deficient training or

supervision. Conclusory allegations do not establish a question of fact *(see, Barr v County of Albany,* 50 NY2d 247, 258).

With the failure of the three causes of action, the cross-motion to amend the complaint to assert a respondeat superior theory becomes moot. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.