■ BENJAMIN MOORE et al., Respondents, v FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Appellant. [654 NYS2d 900] —Order reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion to dismiss the complaint for failure to state a cause of action. Plaintiffs' general negligence cause of action should have been dismissed because

defendant owed no duty to plaintiff Benjamin Moore under the circumstances of this case (*see, Coyer v Hyster Co.,* 158 AD2d 920, 921, *affd* 76 NY2d 997). Plaintiffs' conclusory allegations fail to state a valid cause of action for negligent training and supervision (*see, Richardson v New York Univ.*, 202 AD2d 295, 296-297). Because the first cause of action must be dismissed, plaintiff Lucille Moore's derivative cause of action for loss of consortium must also be dismissed.

All concur except Balio, J., who dissents and votes to affirm in the following Memorandum.

Balio, J. (dissenting). Supreme Court properly determined that the first cause of action of the complaint states a cause of action for negligent supervision and training of bank employees. Thus, I respectfully dissent and vote to affirm.

The complaint alleges that, on October 25, 1993, Benjamin Moore (plaintiff) maintained checking and savings accounts with defendant bank and that, while he was transacting business at the Henrietta branch of the bank, the assistant manager of that bank branch erroneously reported to the police that plaintiff possessed a hand gun and, as a result, the police forcibly detained plaintiff at gunpoint and searched him for a weapon. The first cause of action of the complaint alleges that the bank was negligent in exposing plaintiff to unwarranted peril and risk of harm by erroneously making an emergency call to the police; in failing to act reasonably in ascertaining whether plaintiff possessed a hand gun and, if so, whether plaintiff was licensed to carry a hand gun, and in ascertaining whether plaintiff was engaging in threatening or suspicious conduct; in failing to notify the police that plaintiff was a customer of the bank and that he had not engaged in any suspicious or improper behavior while inside the bank; in failing to provide proper or adequate training or supervision of bank employees concerning emergency calls to the police and to inform employees that possession of a hand gun is not unlawful; and in hiring and retaining the assistant manager without ascertaining whether she possessed biased or prejudicial opinions concerning African-American males that would interfere with her judgment in such matters. The second cause of action of the complaint asserts a derivative claim by plaintiff's wife.

Evidence submitted on the motion to dismiss establishes that plaintiff had been a customer of the bank for 15 years and frequently transacted business at that bank branch. While plaintiff was sitting at a desk and talking with a personal banking specialist employed by the bank, another bank employee

reported to the assistant branch manager that a customer informed a teller that defendant possessed what the customer believed to be a hand gun. The assistant manager walked past the desk area a couple of times and observed a brown object in plaintiff's pocket but could not see what the object was because plaintiff's hands were in the way. The assistant manager called the security office at the bank's main branch and was instructed to walk past the desk area again. After doing so, the assistant manager reported to the security office that she still could not tell whether the object was a gun, and an employee of the security office directed her to call 911, which she did. The police responded and, when plaintiff exited the bank, the police approached with guns drawn. Plaintiff was ordered to freeze and, with a gun against his back between his neck and shoulder, he was frisked. The police recovered a hair brush. The assistant manager testified at a deposition that plaintiff was not behaving in a bizarre, unusual or suspicious manner; that she was aware that plaintiff was a customer of the bank; that the bank had no written procedures concerning that type of situation; and that there is no written guideline instructing employees to call security in this type of situation.

Where, as here, the parties have submitted evidence on a post-answer motion to dismiss pursuant to CPLR 3211 (a) (7), the "criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *see also, Leon v Martinez*, 84 NY2d 83, 88). "We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez, supra*, at 87-88). Evidence may be considered to remedy defects in the pleading and will warrant dismissal only when such evidence conclusively establishes that plaintiff has no cause of action (*see, Rovello v Orofino Realty Co.*, 40 NY2d 633, 636).

The complaint, liberally construed, alleges that defendant failed to instruct, train and supervise its employees in a proper or adequate manner; that, as a result, its employees failed to exercise reasonable care in ascertaining whether plaintiff possessed a hand gun and whether the circumstances warranted making an emergency call to the police; and that the lack of adequate supervision and training and the negligent and erroneous report to the police were a proximate cause of the injuries suffered by plaintiffs.

The majority concludes that defendant owed no duty to plaintiff and, thus, cannot be held liable for negligence in fail-

ing to protect its customer from an unfounded accusation and unwarranted emergency call to the police. The majority's reliance upon *Coyer v Hyster Co.* (158 AD2d 920, *affd* 76 NY2d 997), however, is misplaced. *Coyer* merely holds that a manufacturer and a distributor of a forklift, who train and instruct the purchaser's employees on the proper operation of the forklift, cannot be held liable to persons injured by the alleged negligent operation of the forklift on a theory of negligent training and supervision because the manufacturer and distributor had no relationship with, or control over, the forklift operators or the injured plaintiff and, thus, owed no duty to the plaintiff. In the instant case, however, defendant had control over its own employees and had a relationship with plaintiff, who was a long-standing bank customer and a business invitee upon its premises. A bank, like any other premises owner, owes a duty to exercise reasonable care to protect its customers from harm (*see, Shaw v Manufacturers' Hanover Trust Co.*, 95 AD2d 738), including the duty to exercise reasonable care in protecting customers from harm caused by unfounded and unwarranted accusations or reports of unlawful conduct (*see, Agostino v Monticello Greenhouses*, 166 AD2d 471; *Martin v Adler*, 135 Misc 2d 383; *Keefe v Gimbel's*, 124 Misc 2d 658; *see also, Jones v Kmart Corp.*, 50 Cal App 4th 1898, 58 Cal Rptr 2d 576; *Food Lion v Melton*, 250 Va 144, 458 SE2d 580; *Johnson v Supersave Mkts.*, 211 Mont 465, 686 P2d 209).

Finally, there is nothing "conclusory" about the complaint allegations of negligent supervision and training or the evidence that supports those allegations. In this respect, the majority's reliance upon *Richardson v New York Univ.* (202 AD2d 295, 296-297) is misplaced. The court in that case held that conclusory allegations were not sufficient to defeat a motion for summary judgment. The instant appeal is from an order denying a motion to dismiss pursuant to CPLR 3211 (a) (7), not an order denying summary judgment. In any event, even assuming, arguendo, that the order appealed from denied summary judgment, the majority's view that plaintiff's opposing papers contained conclusory allegations and, thus, were deficient is irrelevant. Defendant failed to sustain its burden of negating the existence of factual issues sufficiently to warrant judgment in its favor as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Evidence submitted by defendant establishes that no bank employee actually saw a gun, plaintiff did not act in a suspicious manner, and, although the assistant manager informed the bank's security office that she could not see whether plaintiff had a gun, the security office

nevertheless directed her to place an emergency 911 call to the police. Further, defendant's evidence establishes that there were no written procedures or guidelines to assist employees faced with the circumstances of this case, and defendant submitted no evidence that bank employees had received any instruction or training in the handling of such matters. Thus, factual issues exist regarding the reasonableness of defendant's conduct, and the court would have been obliged to deny summary judgment irrespective of any deficiency in plaintiff's proof (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.