Centra, J.P.
(dissenting). I respectfully dissent and agree with defendant that Supreme Court should have granted defendant’s motion to dismiss the complaint in its entirety. As noted by the majority, we held on the prior appeal that, pursuant to Kowalski v St. Francis Hosp. & Health Ctrs. (21 NY3d *1426 480, 484-485 [2013]), defendant did not have a duty to prevent Frederick Ingutti (plaintiff) from leaving the hospital against medical advice or to ensure plaintiffs safe return home (Ingutti v Rochester Gen. Hosp., 114 AD3d 1302, 1302-1303 [2014], appeal dismissed 23 NY3d 929 [2014]). We therefore held that the court erred in denying defendant’s motion for partial summary judgment dismissing the first cause of action, for negligence {id. at 1302). Defendant now seeks to dismiss the remaining causes of action in the complaint pursuant to CPLR 3211 (a) (7).
With respect to the medical malpractice and lack of informed consent causes of action, I conclude that those causes of action should be dismissed for the same reason that the negligence cause of action was dismissed. Those causes of action are based on similar allegations that defendant allowed plaintiff to leave the hospital against medical advice. In Kowalski (21 NY3d at 484), the plaintiff also alleged causes of action for negligence and medical malpractice, which were both dismissed on appeal. Plaintiffs here argue that defendant committed malpractice by failing to plan and provide for a proper and safe discharge of plaintiff and by failing to assess and document plaintiff’s treatment and condition before he left the hospital. As in Kowalski, however, the gravamen of the complaint is that defendant should not have allowed plaintiff to leave the hospital {see id.). Here, as in Kowalski, “[n]othing in this record . . . supports an inference that there was any causal connection between any of the alleged departures from protocol . . . and plaintiff’s injury. This case is about whether defendant [ ] had a duty to prevent plaintiff from leaving the hospital, and nothing else” {id. at 486).
Inasmuch as I conclude that the medical malpractice and lack of informed consent causes of action should be dismissed, the derivative cause of action must be dismissed as well (see Moore v First Fed. Sav. & Loan Assn. of Rochester, 237 AD2d 956, 957 [1997]).
Present—Whalen, P.J., Centra, Peradotto and Carni, JJ.