■ CHERVONNNE DUME, an Infant, by Her Father and Natural Guardian, JOHN DUME, et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent, et al., Defendant. [854 NYS2d 337]—

Appeal from order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about January 5, 2007, which granted defendant New York City Health and Hospitals Corporation's

(HHC) motion for summary judgment dismissing the complaint as against it, deemed an appeal from the judgment, same court and Justice, entered on or about February 13, 2007, dismissing the complaint as against HHC, and, so considered, unanimously affirmed, without costs.

It appears that defendant Johnson's dog bit the infant plaintiff while the latter was visiting Johnson with her aunt. Johnson, an EMS technician employed by HHC, cleaned the wounds, but they continued to bleed, and the three went to the hospital. In the hospital parking lot, Johnson approached unidentified ambulance crew members for some supplies from the ambulance, which they gave her, and she applied gauze and bandages to plaintiff's wounds. Plaintiff, her aunt and Johnson then left without seeing a doctor. No person other than Johnson, who has not appeared in the action, looked at the wounds or provided any treatment. Indeed, there is no evidence that the technicians even saw plaintiff, or knew what the gauze was for or witnessed Johnson's treatment. All that the record shows is that at Johnson's request, the technicians gave her gauze and bandages. Thus, there is no merit to plaintiff's argument that the technicians were under a special duty to respond and treat her (see Cuffy v City of New York, 69 NY2d 255, 260 [1987]). As the technicians were under no duty to treat plaintiff, HHC cannot be held vicariously liable for any of their acts or omissions. Nor can HHC be held vicariously liable for any negligence by Johnson in treating plaintiff since such treatment, undertaken while Johnson was off-duty, did not fall within the scope of her employment (see Kawoya v Pet Pantry Warehouse, 3 AD3d 368, 369 [2004], appeal dismissed 2 NY3d 752 [2004]; Schilt v New York City Tr. Auth., 304 AD2d 189 [2003]). Concur—Lippman, P.J., Friedman, Williams and Acosta, JJ.