■ ANGELETTE COFFEY et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. (And Third-Party Actions.) FRANK MARCOTRIGIANO et al., Appellants, v ANGELETTE COFFEY et al., Defendants, and CITY OF NEW YORK et al., Respondents. TAMMY MACK, Individually and as Administrator of the Estate of PASCAL LEE TRENT III, Deceased, Appellant, v

ANGELETTE COFFEY et al., Defendants, and CITY OF NEW YORK et al., Respondents. [853 NYS2d 551]—

Plaintiff Angelette Coffey and decedents were injured on New Year's Eve 1998 when their automobile was rear-ended by a vehicle driven by defendant Rodriguez, a city correction officer later determined to be intoxicated. The record reflects that Rodriguez had been sent for inpatient alcohol rehabilitation three years earlier, due to persistent lateness and absenteeism. After release, he failed to continue treatment on an outpatient basis. His record of employment reveals various infractions and a prior accident on the job, but with no alcohol involvement. Rodriguez testified at deposition that he had been given two drinks by a fellow correction officer while on the job that night, and after work he met two other officers and consumed two beers. The accident occurred two hours after he left work, as he headed home.

Plaintiffs seek to hold the City liable on the ground that it negligently retained Rodriguez despite his history of alcohol abuse. They further allege the City breached its duty of care to third parties when it failed to ensure the completion of his alcohol rehabilitation program. Rodriguez adds that the City should be held responsible for the actions of the fellow employee who plied him with alcohol while on the job.

Recovery on a negligent hiring or retention theory requires a showing that the employer was on notice of the relevant tortious propensities of the wrongdoing employee (*see Gomez v City of New York*, 304 AD2d 374 [2003]). The only apparent consequence of Rodriguez's history of problems with alcohol was his lateness and absenteeism. There is no evidence that the City knew of his propensity for drunk driving, and it could not reasonably have foreseen that he would drive while under the influence of alcohol (*see Cygan v City of New York*, 165 AD2d 58 [1991], *lv denied* 78 NY2d 855 [1991]).

Nor have plaintiffs cited any facts that suggest a special relationship with the City sufficient to impose a duty of care on the latter for the conduct of its employee (*see Laratro v City of New York*, 8 NY3d 79 [2006]). Nothing in this record suggests that the City required Rodriguez to enter an alcohol rehabilitation program for the benefit of plaintiffs or the public at large. The program was an attempt to address the employee's attendance problems only. Moreover, there is no basis on which to impute knowledge to the City that Rodriguez's failure to complete the program would result in harm to third parties. In any event, plaintiffs could not have relied on the City's ensuring that Rodriguez complete his alcohol rehabilitation program, since they had no knowledge of it. Concur—Tom, J.P., Andrias, Nardelli and Sweeny, JJ.