■ ROBERTO RODRIGUEZ, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent, et al., Defendant. [943 NYS2d 94]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered October 12, 2011, which granted in part and denied in part defendant New York City Transit Authority's (NYCTA) motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to that portion of the complaint found to allege a claim sounding in respondeat superior, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

The claims arise from an incident on a Queens bound "E" subway train, when plaintiff Rodriguez, while intervening on behalf of a woman being menaced by another passenger, alleg-

edly assaulted defendant Johnson, the train's conductor, now deceased. Plaintiff was charged with assault in the second degree and obstruction of governmental administration in the second degree, but acquitted of all criminal charges.

Plaintiff brought this action, alleging false arrest and malicious prosecution against defendant Johnson, and negligent hiring, supervision and retention against his employer, defendant NYCTA. NYCTA moved for summary judgment dismissing the complaint, arguing that there was no basis for vicarious liability against it, and that plaintiff could not show that it negligently hired, supervised and retained Johnson.

The IAS court disagreed in part, finding that a cause of action for respondeat superior liability could be inferred from the notice of claim and complaint, and that issues of fact existed concerning whether Johnson was acting within the scope of his duties when reporting the alleged assault to police. The IAS court granted NYCTA's motion to the extent of dismissing the negligent hiring, supervision and retention claim.

The IAS court erred in sustaining a cause of action against the NYCTA predicated on respondeat superior liability. Plaintiff's theory is that Johnson made a false report to the police that plaintiff assaulted him in an effort to improperly receive leave and disability benefits to which he was not entitled. An employee's conduct in allegedly seeking to defraud NYCTA of leave time and benefits cannot be reasonably viewed as actions within the scope of employment or in furtherance of NYCTA's interests (*Danner-Cantalino v City of New York*, 85 AD3d 709, 710 [2011]).

We agree with the IAS court's grant of summary judgment dismissing plaintiff's negligent hiring, retention, and supervision claim. The motion court properly concluded that there was no actual evidence that the NYCTA knew or should have known of a propensity on the part of Johnson to engage in the conduct alleged to have caused injury here (*see e.g. Coffey v City of New York*, 49 AD3d 449 [2008]).

We have considered the remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ. **[Prior Case History: 33 Misc 3d 1206(A), 2011 NY Slip Op 51795(U).]**