Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 5, 2011, which denied plaintiffs motion to strike defendant United Parcel Service, Inc.’s (UPS) answer, unanimously affirmed, with costs. Order, same court and Justice, entered May 6, 2011, which, to the extent appealed from as limited by the briefs, granted UPS’s motion for summary judgment dismissing the complaint as against it, and granted third-party defendant Pitt Investigations, Inc.’s motion for summary judgment dismissing the claim for contractual indemnification, unanimously modified, on the law, to deny UPS’s motion as to the negligent hiring, retention and supervision claims, to deny Pitt’s motion, and to grant UPS’s motion for summary judg *574 ment on its claim for contractual indemnification against Pitt, and otherwise affirmed, without costs.
Plaintiff, a security guard employed by defendant Pitt at a UPS distribution center, seeks to recover for injuries he sustained when he allegedly was assaulted by defendant Callwood, a UPS employee, while searching Callwood’s belongings.
UPS’s unexplained failure to provide plaintiff with its “center file” on Callwood, which, inter alia, would document any previous disciplinary issues, and which UPS’s counsel asserted, without elaboration, “no longer exist[s],” constitutes spoliation. The file would be critical in determining whether UPS had notice of Callwood’s propensity for violence, an issue central to plaintiffs claims. Plaintiff cannot be faulted for his inability to establish that the missing records contained critical evidence (see Sage Realty Corp. v Proskauer Rose, 275 AD2d 11, 17 [2000], lv dismissed 96 NY2d 937 [2001]). However, the extreme sanction of striking UPS’s answer—the only relief plaintiff sought—is not warranted, since the center file does not constitute the sole source of the information and the sole means by which plaintiff can establish his case (see Schantz v Fish, 79 AD3d 481 [2010]; Minaya v Duane Reade Intl., Inc., 66 AD3d 402 [2009]). A lesser sanction, such as an adverse inference charge, if sought, at trial, would be more appropriate.
Accordingly, summary judgment in favor of UPS dismissing the negligent hiring, retention and supervision claims is not warranted. However, UPS cannot be held vicariously liable for its employee’s assault, since the tort was not committed in furtherance of UPS’s interests but was personal in nature (see Kawoya v Pet Pantry Warehouse, 3 AD3d 368, 369 [2004], appeal dismissed 2 NY3d 752 [2004]; Adams v New York City Tr. Auth., 211 AD2d 285, 294 [1995], affd 88 NY2d 116 [1996]).
The agreement between UPS and Pitt provides that Pitt shall indemnify UPS for “any and all claims ... of any kind or nature whatsoever related to the Work hereunder,” and for “any claims . . . arising . . . out of or in consequence of the work hereunder . . . and any injury suffered by any employee of [Pitt], . . . except [for] losses . . . arising out of the sole negligence of UPS” (emphasis added). Since plaintiff was performing his work as a security guard employed by Pitt when he sustained his injuries, the claim against UPS arises from, and is related to, Pitt’s work and falls within the agreement’s broad indemnification provision (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; Sovereign Constr. Co. v *575 Wachtel, Dukauer & Fein, 55 NY2d 627 [1981]). Concur—Mazzarelli, J.P., Saxe, DeGrasse, Richter and Abdus-Salaam, JJ.
The decision and order of this Court entered herein on June 19, 2012 (96 AD3d 563 [2012]) is hereby recalled and vacated (see 2013 NY Slip Op 62882[U] [2013] [decided simultaneously herewith]).