■ ANA AYCARDI, Respondent, v NORMAN ROBINSON, Defendant, and TOWN SPORTS INTERNATIONAL, LLC, Doing Business as NEW YORK SPORTS CLUBS, Appellant. [9 NYS3d 262]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 28, 2014, which denied the motion of defendant Town Sports International, LLC (TSI) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that she was hit by defendant Robinson's car as she was crossing a street intersection. At the time of the accident, Robinson, a trainer for TSI, was driving his own car between two sports club locations, where he was either training clients or meeting with a manager, at the time of the alleged accident.

The motion court properly determined that TSI had not established entitlement to summary judgment dismissing the claim seeking to hold it vicariously liable for Robinson's negligent driving. TSI did not submit evidence sufficient to establish that Robinson, who worked over 40 hours a week and received a W-2 form, was merely an independent contractor, rather than an employee (see Bynog v Cipriani Group, 1 NY3d 193, 198-199 [2003]). Furthermore, although Robinson was driving his own car and was not required to have a car for

work, his conduct occurred during the work day, while driving between work locations, which TSI reasonably could have anticipated he would do. Thus, triable issues exist as to whether Robinson was acting in furtherance of his employment and subject to TSI's control at the time of the accident (*see generally Riviello v Waldron*, 47 NY2d 297, 303 [1979]; *Lundberg v State of New York*, 25 NY2d 467, 470 [1969]; *see also Palumbo v Prenga*, 295 AD2d 170 [1st Dept 2002]; *Makoske v Lombardy*, 47 AD2d 284, 288 [3d Dept 1975], *affd* 39 NY2d 773 [1976]). Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.