▉ RANDALL FEIN, Appellant, v NEIL L. COOK, Defendant, and ASPHALT GREEN, INC., Respondent. [61 NYS3d 10]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 22, 2016, which granted defendant Asphalt Green, Inc.'s (AGI) motion for summary judgment, to the extent of dismissing the amended complaint as against it, unanimously affirmed, without costs.

Decedent died from injuries sustained when, while in the middle of a crosswalk in Central Park, he was struck by a bike ridden by defendant Neil Cook, a bicyclist and coach employed by AGI, which operates, among other things, a fitness facility on the Upper East Side.

The motion court correctly determined that AGI could not be held vicariously liable for Cook's alleged negligence, as Cook was acting outside the scope of his employment. At the time of the accident, Cook was engaged in a weekend bicycle ride, in a public park, using a bicycle that he purchased and equipped, was alone and was not coaching anyone, and was not acting in furtherance of any duties owed to AGI (*see Riviello v Waldron*, 47 NY2d 297 [1979]; *Weimer v Food Merchants*, 284 AD2d 190 [1st Dept 2001]).

Cook's unsupported belief, as set forth in an affirmative defense, that his bicycle riding had a work component to it, and his unsworn Response to the Notice to Admit (*see* CPLR 3123 [a]), which improperly sought admissions as to employment status, a contested issue central to the action (*see Berg v Flower Fifth Ave. Hosp.*, 102 AD2d 760 [1st Dept 1984]), do not create triable issues of fact as to whether Cook was acting in the scope of employment. Unlike in *Aycardi v Robinson* (128 AD3d 541 [1st Dept 2015]), relied upon by plaintiff, there is no indication that AGI was exercising any control over Cook at the time of the accident (*see Lundberg v State of New York*, 25 NY2d 467 [1969]).

The motion court correctly dismissed plaintiff's direct negligence claim against AGI. There is no evidence that AGI knew or should have known of Cook's alleged propensity to dangerously ride his bicycle in Central Park, an element necessary to support the claim for negligent hiring and retention (*see White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243, 244 [1st Dept 2006]), and plaintiff's conclusory allegations of deficient training are insufficient to defeat summary judgment (*see Richardson v New York Univ.*, 202 AD2d 295, 296-297 [1st Dept 1994]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.