McBride v City of New York (2018 NY Slip Op 02296)





McBride v City of New York


2018 NY Slip Op 02296


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6171 7622/05

[*1]Amanda McBride, etc., et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents, Joseph Cremin, Defendant.


Vaccaro Payne, LLP, Forest Hills (Steven R. Vaccaro of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Aaron M. Bloom of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered May 4, 2016, which granted defendant Board of Education of the City of New York's (BOE) motion for summary judgment dismissing the complaint as against it, with prejudice, unanimously affirmed, without costs.
The motion court correctly found that, in opposition to BOE's prima facie showing that it did not negligently supervise or retain defendant Joseph Cremin, plaintiffs failed to raise an issue of fact as to whether school authorities should have had specific knowledge or notice of Cremin's propensity for sexual misconduct so that his sexual misconduct with the infant plaintiff could reasonably have been anticipated (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]). Until Cremin's arrest, BOE had received no complaints about him, other than that of alcohol abuse, for which he was terminated (three months before plaintiffs served their notice of claim alleging sexual misconduct). The complaints about alcohol abuse did not constitute notice of a propensity for sexual misconduct on Cremin's part (see e.g. Coffey v City of New York, 49 AD3d 449 [1st Dept 2008]). Nor is a propensity for sexual misconduct reasonably inferred from evidence that the infant plaintiff, a former student, was seen on school grounds by school personnel, that she once asked a security guard if she could see Cremin and ran away when the guard questioned her, or that the school principal may have told investigators after Cremin's arrest that Cremin had said "a girl like[d] him."
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK