Cousins v Glover (2023 NY Slip Op 06082)

Cousins v Glover

2023 NY Slip Op 06082

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 21073/17 Appeal No. 1098 Case No. 2023-01078 

[*1]Lydia J. Cousins, Plaintiff-Respondent,
v
Andrew D. Glover, Defendant, Target Corporation, Defendant-Appellant.

Connell Foley LLP, New York (Brian P. Morrissey of counsel), for appellant.
Adams Law Firm, P.C., Bardonia (Jeffrey M. Adams of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered September 28, 2022, which, insofar as appealed from, denied defendant Target Corporation's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly found that there were triable issues of fact as to whether Glover was acting within the scope of his employment for Target at the time his vehicle hit the rear of plaintiff's car (see Rivera v State of New York, 34 NY3d 383, 390 [2019]). Glover testified that he was using his personal vehicle at the time of the accident. He deviated from his usual route to work at the Spring Valley store in order to pick up supplies at the Bronx store. However, upon learning that the Bronx store did not have the requisite supplies, he headed to the Spring Valley store. He also testified that his workday started at 1 p.m. and the accident occurred at between 1:30 and 2 p.m. Based on these facts, a jury might find that Target could have reasonably anticipated that Glover would drive between stores to get supplies since he had done so in the past and had obtained his supervisor's permission to do so on this occasion (see Aycardi v Robinson, 128 AD3d 541, 542 [1st Dept 2015]). Although the accident occurred at a location that was on Glover's usual route to work, a jury might find that his activities were part of his employment because his workday had already started and there was a business purpose to the trip (see Nero v Ris Paper Co, 60 AD2d 340, 347 [1st Dept 1979]).
We have considered Target's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023