Soares v Rahmatulloev (2025 NY Slip Op 00494)

Soares v Rahmatulloev

2025 NY Slip Op 00494

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 30914/17 Appeal No. 3595 Case No. 2024-03046 

[*1]Nicole Soares, Plaintiff-Appellant,
v
Najibullo Rahmatulloev et al., Defendants-Respondents.

Zlotolow & Associates, P.C., Melville (Jason S. Firestein of counsel), for appellant.
Perkins Coie LLP, Phoenix, AZ (Michael R. Huston of the bar of the District of Columbia and State of Arizona, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered on or about May 7, 2024, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Uber Technologies Inc., Rasier-NY, LLC, and Uber USA, LLC (Uber) for summary judgment dismissing the respondeat superior claim as against them, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff was allegedly injured when she was struck by defendant Najibullo Rahmatulloev's car as he was trying to park his car on the street.
The court should have denied Uber's motion for summary judgment dismissing the respondeat superior claim seeking to hold them vicariously liable for Rahmatulloev's negligent driving. Uber submitted data from the Uber Application (Uber App) indicating that Rahmatulloev was offline at 6:48 a.m., seven minutes before the accident. This was insufficient to establish that Rahmatulloev was not acting within the scope of his alleged employment with Uber at the time of the accident (see Uy v Hussein, 186 AD3d 1567, 1570 [2d Dept 2020]).
In any event, in opposition, plaintiff raised triable issues of fact. Rahmatulloev testified that he planned to drive for Uber for four to five hours that day, that the accident occurred during that period, and that he did not plan to drive for Lyft that day. He further testified that the accident occurred just after he decided to take a quick break, because it was not efficient to idle while receiving no requests, so he intended to park his car to wait for another fare. He also testified that he picked up Uber customers before and after the accident (see Aycardi v Robinson, 128 AD3d 541, 541-542 [1st Dept 2015]). This factual issue is further supported by data from the app showing that Rahmattulloev went offline multiple times between starting to drive for Uber and the time of the accident. Contrary to Uber's contention, there is no evidence in the record that Rahmatulloev was on a personal errand (cf. Weimer v Food Merchants, 284 AD2d 190, 190 [1st Dept 2001]). Furthermore, Rahmatulloev testified that he would go offline on the app while driving to a surcharge area, raising issues of fact as to whether Uber exercised sufficient control over Rahmatulloev at the time of the accident.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025