## Eisenberg v Amazon Logistics, Inc.

2025 NY Slip Op 30379(U)

January 30, 2025

Supreme Court, New York County

Docket Number: Index No. 150852/2022

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LISA S. HEADLEY**

*Justice*

| | |
|---|---|
| PART | 28 |

-----------------------------------------------------------------------------X

ERIC EISENBERG,

Plaintiff,

- v -

AMAZON LOGISTICS, INC.,ALPHA CARTING COMPANY, BETA CARTING COMPANY, BERNARD WILSON, ANTONIO DOE, KURT ROE

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150852/2022 |
| MOTION DATE | 10/09/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 203, 204, 205

were read on this motion to/for                    ORDER OF PROTECTION                    .

Defendant, Bernard Wilson ("Wilson"), filed this motion for an Order, pursuant to *CPLR § 3103(a)*, for the issuance of a protective order as against Plaintiff's second supplemental demand for discovery and inspection dated August 27, 2024, and second notice to admit dated August 16, 2024. Defendant Wilson's motion seeks to strike plaintiff's demands because certain demands are outside the scope of discovery, irrelevant and/or palpably improper. Defendant Wilson's motion also seeks an Order, pursuant to *CPLR §§ 3103 and 2304,* for the issuance of a protective order to quash the subpoenas served on non-party, N-Quad Logistics, LLC ("N-Quad"), on September 6, 2024, and served on the NYC Office of Administrative Trials and Hearings on September 10, 2024.

Plaintiff, Eric Eisenberg ("Plaintiff"), filed a cross-motion for an Order, pursuant to *CPLR §3126(3),* to strike Defendant Wilson's Answer; and for an Order, pursuant to *CPLR § 3124*, to compel Defendant Wilson to: 1) produce items responsive to Plaintiff's Second Notice for Discovery and Inspection within 20 days 2) submit to a deposition and 3) comply with Section 6(a) of the Preliminary Conference Order. Lastly, the Plaintiff's cross-motion seeks an Order, pursuant to *CPLR § 3123(a)*, to find that Defendant Wilson has been deemed to admit each of the matters in Plaintiff's Second Notice to Admit or, in the alternative, to compel Defendant Wilson to respond to the Second Notice to Admit within 20 days.

*CPLR § 3123(a)* provides, in relevant part, that "a party may serve upon any other party a written request for admission by the latter of the genuineness of any papers or documents ..., or of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within

[* 1]

the knowledge of such other party or can be ascertained by him upon reasonable inquiry." If the item in the written request is not explained or denied within 20 days after service of the notice, it is deemed admitted. *See*, *Priceless Custom Homes, Inc. v. O'Neill*, 104 A.D.3d 664, 664 (2d Dep't 2013); *Nacherlilla v. Prospect Park Alliance, Inc.,* 88 A.D.3d 770, 771 (2d Dep't 2011).

*CPLR §3103* authorizes protective orders to prevent abuse in the discovery process. *CPLR § 3103*. "The court may at any time on its own initiative, or on motion of any party or of any person from whom the discovery is sought, make a protective order denying, limiting, conditioning, or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." *Id*.; *see also*, *O'Mahony v. Axcan Scandipharm, Inc*., 2008 N.Y. Slip Op. 31783[U] (N.Y. Sup Ct, Nassau County 2008).

I. Defendant Wilson's Motion for a Protective Order as against Plaintiff's second notice to admit dated August 16, 2024

Plaintiff's August 16, 2024, Notice for Discovery and Inspection, Paragraph 22 states:

**"Produce the long-sleeve shirt with the words "amazon logistics" on the chest that You are shown wearing in the video produced in this action as EISENBERG_0015. Below is a screenshot of that video at timestamp 01:43 showing the referenced shirt circled in red. You have admitted that You are the individual depicted in the referenced video wearing the referenced shirt. Response to Notice to Admit at Response No. 1.**

Defendant Wilson argues Plaintiff's second notice of discovery and inspection is intended to annoy and harass Defendant Wilson. Defendant also argues that "the competing interests of the parties weigh in favor of the moving Defendant as the production of the long-sleeved T-shirt has no bearing on the truth-finding goals of the discovery process." Therefore, the Plaintiff's request is palpably improper and unreasonable. In opposition, the plaintiff asserts that he sent a good-faith letter requesting that Wilson provide the required information.

Here, this Court finds that the plaintiff's request of producing the shirt the defendant was wearing on the date of the incident to be unreasonable, and therefore, the defendant Wilson is directed to not respond.

II. Defendant Wilson's Motion for a Protective Order as against Plaintiff's second notice to admit dated August 27, 2024

Defendant Wilson asserts that Plaintiff's second notice to admit contains forty-six paragraphs of requests that are palpably improper and contains material issues that go to the heart of this case. (*See, Exhibit J, NYSCEF Doc. No. 179).* Wilson's second notice to admit seeks admissions of information regarding the ownership of Wilson's long sleeve t-shirt, employment, and information contained in video recordings that go to the heart of the case and can only be determined after a full and complete trial.

In the motion, defendant Wilson argues that plaintiff already produced photographs and videos with over eight minutes of the incident on plaintiff's own camera. Therefore, the notice to

**150852/2022 EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**   **Page 2 of 9**
**Motion No. 004**

[* 2]

2 of 9

admit is "nothing more than an abuse of the discovery process and designed to prejudice defendants so the videos can be taken out of context."

In opposition, plaintiff asserts that based on his review of the recordings of the alleged assault, there were witnesses at the scene who defendant Wilson could likely identify, including two workers who defendant Wilson refers to as "Antonio" and "Kurt."

The purpose of the notice to admit is "to eliminate from the issues in litigation matters, which will not be in dispute at trial." *Priceless Custom Homes, Inc. v. O'Neill*, *supra* [internal quotation marks and citation omitted]; *Rosenfeld v. Vorsanger*, 5 A.D.3d 462, 462 (2d Dep't 2004). "Factual matters are easily provable and about which there can be no controversy." *Taylor v. Blair*, 116 A.D.2d 204, 206 (1st Dep't 1986) [internal quotation marks and citation omitted]; *Rosenfeld v. Vorsanger*, 5 A.D.3d at 462 [proper to seek admission that specific document was faxed by one attorney to another]; *Murphy v. University Club*, 200 A.D.2d 532, 533 (1st Dep't 1994) [request for admission as to whether construction contract was in effect, a fact not genuinely disputed, proper]). It is not intended to cover ultimate conclusions or seek admissions that go "to the heart of the matters at issue." *Priceless Custom Homes, Inc. v. O'Neill*, 104 A.D.3d at 664 [internal quotation marks and citation omitted].

After a review of the Plaintiff's second notice to admit (*see, Exhibit J, NYSCEF Doc. No. 179),* the Court finds that Defendant Wilson shall submit an answer to the following requests within 20 days of this Order:

> **14. Admit that, on March 21, 2021, you were employed delivering, or managing the delivery or distribution of, packages ordered from Amazon.com.**
> **15. Admit that, on March 21, 2021, you were employed delivering, or managing the delivery or distribution of, packages bearing the word "AMAZON."**
> **16. Admit that, on March 21, 2021, you were employed delivering, or managing the delivery or distribution of, packages that were transported by a truck with a sign affixed to it reading, "OPERATED BY: AMAZON LOGISTICS, INC. USDOT 2881058."**
> **17. Admit that the long sleeve shirt with the words "amazon logistics" on the chest that you were wearing on March 21, 2021, was provided to you by your employer.**
> **18. Admit that the long sleeve shirt with the words "amazon logistics" on the chest that you were wearing on March 21, 2021, was provided to you by Amazon Logistics, Inc.**
> **19. Admit that, on March 21, 2021, you referred to a truck with the New York license plate number 23901MM as your truck.**
> **20. Admit that, on March 21, 2021, you referred to a truck with the Florida license plate number QNXK23 as your truck.**
> **27. Admit that, on March 21, 2021, you called 911 to request police respond to West 52nd St and Ninth Avenue in New York, New York.**
> **28. Admit that, on March 21, 2021, you called 911 to report Plaintiff Eric Eisenberg for harassment.**

**150852/2022   EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**
**Motion No.  004**

**Page 3 of 9**

3 of 9

**45. Admit that, on March 21, 2021, Plaintiff Eric Eisenberg told you he was recording idling vehicles.**

The Notice to Admit may not seek admission as to liability. *See*, *Altman v. Kelly*, 128 A.D.3d 741, 742 (2d Dep't 2015); *Glasser v. City of New York*, 265 A.D.2d 526, 526 (2d Dep't 1999) [improperly seeking admission regarding disputed issue of constructive notice of defect]). The Notice to Admit may not also seek causation, or something that requires expert proof, *see*, *Berg v. Flower Fifth Ave. Hosp.*, 102 A.D.2d 760, 760 (1st Dep't 1984), an interpretation of law or legal conclusion, *see*, *Matter of Luthmann v. Gulino*, 131 A.D.3d 636, 637 (2d Dep't 2015); *Villa v. New York City Hous. Auth.*, 107 A.D.2d 619, 621 (1st Dep't 1985), or a hotly contested issue. *See*, *Fein v. Cook*, 153 A.D.3d 1168, 1168 (1st Dep't 2017) [improperly sought admissions regarding employment status, a disputed issue central to action].

As such, after review of the Plaintiff's second notice to admit, the Court finds that the Defendant Wilson shall not answer the following:

**21. Admit that, on March 21, 2021, between 2:55 pm and 3:30 pm, the truck with the New York license plate number 23901MM idled for longer than three consecutive minutes.**
**22. Admit that, on March 21, 2021, between 2:55 pm and 3:30 pm, the truck with the Florida license plate number QNXK23 idled for longer than three consecutive minutes.**
**23. Admit that, on March 21, 2021, you confronted Plaintiff Eric Eisenberg for recording the truck with the New York license plate number 23901MM.**
**24. Admit that, on March 21, 2021, you confronted Plaintiff Eric Eisenberg for recording the truck with the Florida license plate number QNXK23.**
**25. Admit that, on March 21, 2021, you confronted Plaintiff Eric Eisenberg for recording individuals employed to deliver, or manage the delivery or distribution of, packages ordered from Amazon.com.**
**26. Admit that, on March 21, 2021, you confronted Plaintiff Eric Eisenberg for recording individuals employed to deliver, or manage the delivery or distribution of, packages bearing the word "AMAZON."**
**29. Admit that, on March 21, 2021, you restrained Plaintiff Eric Eisenberg.**
**30. Admit that, on March 21, 2021, you prevented Plaintiff Eric Eisenberg from leaving the vicinity of West 52nd St and Ninth Avenue in New York, New York.**
**31. Admit that, on March 21, 2021, you held Plaintiff Eric Eisenberg down on the ground or sidewalk.**
**32. Admit that, on March 21, 2021, you knelt on Plaintiff Eric Eisenberg as you held him down the ground or sidewalk.**
**33. Admit that, on March 21, 2021, you held Plaintiff Eric Eisenberg up against a building wall.**
**34. Admit that, on March 21, 2021, you held Plaintiff Eric Eisenberg up against a pull-down gate.**
**35. Admit that, on March 21, 2021, you forced Plaintiff Eric Eisenberg against storefront glass.**
**36. Admit that, on March 21, 2021, Plaintiff Eric Eisenberg shouted in pain as you restrained him.**

**150852/2022   EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**          **Page 4 of 9**
**Motion No.  004**

4 of 9

[* 4]

**37.** Admit that, on March 21, 2021, as you were restraining him, Plaintiff Eric Eisenberg shouted that he was having trouble breathing.

**38.** Admit that, on March 21, 2021, you restricted the breathing of Plaintiff Eric Eisenberg.

**39.** Admit that, on March 21, 2021, you wrapped your arms completely around the torso of Plaintiff Eric Eisenberg, and applied pressure to the torso of Plaintiff Eric Eisenberg.

**40.** Admit that, on March 21, 2021, you demanded that Plaintiff Eric Eisenberg get on his belly.

**41.** Admit that, on March 21, 2021, you attempted to force Plaintiff Eric Eisenberg onto his belly on the ground or sidewalk.

**42.** Admit that, on March 21, 2021, while restraining Plaintiff Eric Eisenberg, you stated, "I get paid for this."

**43.** Admit that, on March 21, 2021, you transmitted video of Plaintiff Eric Eisenberg being held down on the sidewalk to your brother via a live videocall.

**44.** Admit that, on March 21, 2021, you claimed that it was illegal to record individuals on a public street without their consent.

**46.** Admit that, on March 21, 2021, you attempted to physically prevent Plaintiff Eric Eisenberg from taking a photograph of the license plate of the truck bearing the Florida license plate number QNXK23.

**47.** Admit that, on March 21, 2021, you applied force to Plaintiff Eric Eisenberg.

**48.** Admit that, on March 21, 2021, you attempted to take the phone of Plaintiff Eric Eisenberg.

**49.** Admit that, on March 21, 2021, you requested or directed that one or more of your coworkers take the phone of Plaintiff Eric Eisenberg.

**50.** Admit that, on March 21, 2021, while restraining Plaintiff Eric Eisenberg, you demanded that Plaintiff Eric Eisenberg give you, his phone.

**51.** Admit that, on March 21, 2021, while restraining Plaintiff Eric Eisenberg, you demanded that Plaintiff Eric Eisenberg delete photos or videos that Plaintiff Eric Eisenberg took on his phone.

**52.** Admit that, on March 21, 2021, one of your coworkers took the phone of an individual who appeared to be recording your interaction with Plaintiff Eric Eisenberg.

**53.** Admit that, on March 21, 2021, one of your coworkers orally made at least one threat of violence to an individual who appeared to be recording your interaction with Plaintiff Eric Eisenberg.

**54.** Admit that, on March 21, 2021, you orally made at least one threat of violence to Plaintiff Eric Eisenberg.

**55.** Admit that, as of March 21, 2021, you had received no training from your employer at that time concerning the NYC Citizens Air Complaint Program.

**56.** Admit that, as of March 21, 2021, you had received no training from Amazon Logistics, Inc. concerning the NYC Citizens Air Complaint Program.

**150852/2022   EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**            **Page 5 of 9**
**Motion No.  004**

5 of 9

**57. Admit that, as of March 21, 2021, you had received no training from your employer at that time concerning how to respond to members of the public recording your work.**

**58. Admit that, as of March 21, 2021, you had received no training from Amazon Logistics, Inc. concerning how to respond to members of the public recording your work.**

**59. Admit that, as of March 21, 2021, you had received no training from your employer at that time concerning how to respond to members of the public recording idling vehicles.**

**60. Admit that, as of March 21, 2021, you had received no training from Amazon Logistics, Inc. concerning how to respond to members of the public recording idling vehicles.**

III.    <u>Defendant Wilson's Motion for Protective Order to Quash the Subpoenas served on N-Quad by the Plaintiff on September 6, 2024,</u>

It should be noted that Defendant Wilson's counsel is also counsel for the non-party N-Quad. On September 6, 2024, Plaintiff filed a *Subpoena Duces Tecum* directed at non-party, N-Quad Logistics, LLC ("N-Quad"). (*See, Exhibit K, NYSCEF Doc. No. 180*), and N-Quad's attorney demanded that plaintiff withdraw the subpoena. Plaintiff claims that N-Quad was Wilson's employer at the time of the accident, and Plaintiff seeks defendant's employment verification from N-Quad, including 1) business records regarding Wilson's employment record, 2) employment contracts, 3) business records regarding clothing worn by Wilson, and 4) their communications regarding the NYC Citizens Area Complaint Program.

In the motion to quash, counsel for N-Quad and defendant Wilson assert that the subpoena is palpably improper and unreasonable because the information sought is irrelevant and overbroad. First, defendant submits that Lines 1 through 5 of the subpoena seeks information regarding the contractual relationships between Amazon and N-Quad, employment records of defendant Wilson and information regarding vehicles and clothing ownership.

In opposition, Plaintiff submits that the defendants claim that N-Quad, and not Amazon, was defendant Wilson's employer however, defendants did not produce any evidence of employment. Therefore, plaintiff argues the information sought, including the ownership of defendant Wilson's long sleeve t-shirt, his employment information, and the video recordings, goes to the heart of the case.

Here, this Court finds that the plaintiff's request for certain business records from N-Quad regarding Wilson's employment record, and employment contracts is proper because the production of these specific documents are relevant and material to facts at issue in the pending judicial proceeding. *Velez v. Hunts Point Multi-Serv. Ctr., Inc.,* 29 A.D.3d 104, 112 (1st Dep't 2006). However, this Court also finds that certain requests are outside the scope of this action and/or are improper. Thus, the defendant's motion for a protective order is granted, in part, to the following extent.

**150852/2022  EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**        **Page 6 of 9**
**Motion No.  004**

6 of 9

[* 6]

As to the Plaintiff's *Subpoena Duces Tecum* directed at non-party, N-Quad, the Court finds that portion of the motion seeking a protective order to the following requests are denied, and the non-party N-Quad shall submit an answer to the following within 20 days of this Order:

**2. All employment records of Bernard Wilson**

**3. All documents and communication concerning any interaction between Bernard Wilson and Eric Eisenberg on March 21, 2021.**

This Court further finds that defendant Wilson's motion for a protective order to quash is granted to the extent as it pertains to the remaining requests in the subpoena, including, N-Quad communications regarding the NYC Citizens Area Complaint Program, because the requests are beyond the scope or improper.

As such, the Court finds that non-party N-Quad shall not answer the following:

**1.  All contracts between you and Amazon Logistics, Inc.**

**4. All documents and communication concerning the use of a sign reading "OPERATED BY: / AMAZON LOGISTICS, INC. / USDOT 2881058" on March 21, 2021, on the truck bearing the New York license plate number 23901MM.**

**5. All documents and communication concerning the use of clothing bearing the words "amazon logistics," "Amazon," and/or the Amazon arrow logo (shown below) by your employees and/or contractors, including by Bernard Wilson on March 21, 2021.**

**6. All communication between Amazon Logistics, Inc. and you concerning compliance with New York City idling laws.**

**7. All communication between you and Bernard Wilson and/or direction and/or guidance from you to Bernard Wilson concerning compliance with New York City idling laws.**

**8. All communication between Amazon Logistics, Inc. and you concerning the New York City Citizens Air Complaint Program.**

**9. All communication between you and Bernard Wilson and/or direction and/or guidance from you to Bernard Wilson concerning the New York City Citizens Air Complaint Program.**

**10. All communication between Amazon Logistics, Inc. and you concerning members of the public recording vehicles and individuals employed to deliver packages from Amazon.com.**

**11. All communication between you and Bernard Wilson and/or direction and/or guidance from you to Bernard Wilson concerning members of the public recording vehicles and individuals employed to deliver packages from Amazon.com.**

**150852/2022   EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**          **Page 7 of 9**
   **Motion No.  004**

7 of 9

**12. All communication with Amazon Logistics, Inc. concerning the formation of N-Quad Logistics LLC.**

IV.     Defendant Wilson's Motion for Protective Order to Quash the Subpoenas served on NYC OATH by the Plaintiff on September 10, 2024

On September 10, 2024, Plaintiff filed a second *Subpoena Duces Tecum* directed to NYC Office of Administrative Trials and Hearings (OATH) for hearing transcripts and records and any other documents concerning thirty-eight NYC OATH summonses. (*See, Exhibit L, NYSCEF Doc. No.181*). Defendant Wilson argues plaintiff's request for this information is a fishing expedition and the information sought has no bearing on claims asserted against Wilson. The plaintiff asserts that OATH has fully responded to the subpoena. (*See, NYSCEF Doc. No. 200*).

This Court finds that the portion of the defendant Wilson's motion seeking to quash the subpoena served on NYC OATH is denied as moot as the non-party NYC OATH has submitted the responsive documents to the Plaintiff.

V.      Plaintiff's cross-motion for an Order, pursuant to *CPLR §3126(3),* to strike Defendant Wilson's Answer

Plaintiff filed a cross-motion to strike defendant Wilson's Answer for Wilson's failure to comply with the preliminary conference order dated March 24, 2023. (*See, NYSCEF Doc. No. 193).* Section 6(a) of the Preliminary Conference Order within 20 days which states: "[a]ll parties, on or before April 3, 2024, shall exchange names and addresses of all eyewitnesses and notice witnesses, statements of opposing parties, and photographs, or, if none, provide an affirmation to that effect." *Id.*    Plaintiff seeks to compel Wilson to exchange names and addresses of all eyewitnesses and notice witnesses; statements of opposing parties; and photographs.

Defendant Wilson contends that he has not produced witness information to date because he does not have that information, however Wilson's counsel attests that he would provide the witness information when it is available to him. Defendant Wilson also argues that he has not deposed Plaintiff because they recently received a spreadsheet response from the New York City Department of Environmental Protection ("NYCDEP") containing 1,500 noise and idling complaints filed by the Plaintiff, and such information is crucial to review prior to Plaintiff's deposition.

This Court finds that the portion of plaintiff's cross-motion to strike the defendant's Answer is denied, and the portion of plaintiff's cross-motion to compel is granted to the extent that the parties are directed to complete a compliance conference order within 30 days of this Order with the outstanding discovery, including scheduling outstanding deposition of the parties and for defendant Wilson to submit the names of his witnesses as soon as the names become available.

Accordingly, it is hereby

**150852/2022   EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**                    **Page 8 of 9**
**Motion No.  004**

8 of 9

[* 8]

**ORDERED** that Defendant Wilson's Motion for a Protective Order as against Plaintiff Eric Eisenberg's second notice to admit dated August 16, 2024, is GRANTED, in part, as stated herein; and it is further

**ORDERED** that Defendant Wilson's Motion for a Protective Order as against Plaintiff's Eric Eisenberg's second notice to admit dated August 27, 2024, is GRANTED, in part, as stated herein; and it is further

**ORDERED** that Defendant Wilson's Motion for Protective Order to Quash the Subpoenas served on N-Quad by the Plaintiff on September 6, 2024, GRANTED, in part, as stated herein; and it is further

**ORDERED** that Defendant Wilson's Motion for Protective Order to Quash the Subpoenas served on NYC OATH by the Plaintiff on September 10, 2024, is DENIED as moot; and it is further

**ORDERED** that Plaintiff's cross-motion for an Order, pursuant to *CPLR §3126(3),* to strike Defendant Wilson's Answer is DENIED; and it is further

**ORDERED** that the portion of the Plaintiff's cross-motion to compel is GRANTED to the extent the parties are directed to complete a compliance conference order within 30 days of this Order with the outstanding discovery, including scheduling outstanding deposition of the parties and for defendant Wilson to submit the names of his witnesses as soon as the names become available; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that the parties shall proceed with discovery in a good faith and expeditious manner.

This constitutes the Decision and Order of the Court.

**1/30/2025**
**DATE**

**LISA S. HEADLEY, J.S.C.**

**CHECK ONE:** | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| GRANTED | DENIED | X | GRANTED IN PART | OTHER |
**APPLICATION:** | SETTLE ORDER | | | SUBMIT ORDER |
**CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

150852/2022   EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL          Page 9 of 9
Motion No.  004

9 of 9

[* 9]