Sampson v Perez
2026 NY Slip Op 03734
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nakita McNeil Sampson, etc., Plaintiff-Appellant,
v
Marvin Perez, et al., Defendants, San Mateo Construction Corp., Defendant-Respondent.

Decided and Entered: June 11, 2026
Index No. 153580/19|Appeal No. 6878|Case No. 2025-03452|
Before: Kennedy, J.P., Friedman, Mendez, Pitt-Burke, JJ.

Joshua Annenberg, New York, for appellant.
Nicoletti, Spinner, Ryan, Gulino & Pinter, New York (Matthew G. Corcoran of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about March 27, 2025, which granted defendant San Mateo Construction Corp.'s motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
Supreme Court properly granted San Mateo's motion for summary judgment. San Mateo established prima facie that its employee, defendant Marvin Perez, was not acting within the scope of his employment at the time of the accident involving plaintiff's decedent (see Kawoya v Pet Pantry Warehouse, 3 AD3d 368, 369 [1st Dept 2004], appeal dismissed 2 NY3d 752 [2004]). San Mateo submitted time sheets showing that Perez's shift had ended approximately six hours prior to the accident and Perez's testimony that he had stopped for dinner after his shift and was on his way home at the time of the collision, established that Perez was not in the course of his employment at the time of the accident (see Lundberg v State of New York, 25 NY2d 467, 471 [1969]). Additionally, it is undisputed that the vehicle involved in the collision was owned by Perez, who was alone at the time of the accident, and was not reimbursed in any way for car-related expenses by San Mateo (see Fein v Cook, 153 AD3d 1168, 1168 [1st Dept 2017]).
Plaintiff failed to raise a triable issue of fact in opposition. Perez was not utilizing his car in furtherance of his work by transporting 10 job-required traffic cones at the time of the accident. San Mateo's rule requiring parking coordinators to carry their equipment at all times did not require Perez to drive on the route he took when he was involved in the accident (see Nero v Ris Paper Co., 60 AD2d 340, 347 [1st Dept 1978], affd 46 NY2d 967 [1979]; Matos v Depalma Enters., 160 AD2d 1163, 1164 [3d Dept 1990]). Moreover, photographs of Perez's car at the time of the accident showing a dome light and displaying a parking placard do not raise an issue of fact as to whether he was acting within the scope of his employment. Neither the dome light nor the placard were provided by San Mateo or required to be used by its employees while on the job. Further, Perez stated that although he sometimes used both the light and placard while working, on this occasion he simply forgot to remove them when he began to drive home.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026